SPECTRUM OF CONNECTICUT, INC. *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF ELLINGTON (5370)

BORDEN, BIELUCH and O'CONNELL, Js.

Argued November 12, 1987—decision released January 5, 1988

*Susan Boyan,* with whom, on the brief, was *Atherton B. Ryan,* town attorney, for the appellant (defendant).

*Martin A. Clayman,* with whom was *Holly Abery-Wetstone,* for the appellee (plaintiff).

BORDEN, J. The planning and zoning commission of the town of Ellington (commission) appeals from the judgment of the trial court granting the appeal of Spectrum of Connecticut, Inc. (Spectrum), from a decision of the commission denying Spectrum's application to renew a special permit to operate a game room. The commission contends that the trial court erred (1) in concluding that the denial of a special permit was unwarranted because it imposed an unauthorized semi-policing obligation on Spectrum, and (2) in holding that there was no evidence presented to the commission to support its denial of the special permit renewal application. We find error.

The facts relevant to this appeal are as follows: Spectrum owns and operates a video arcade located in a shopping center in Ellington. The shopping center is in a commercial zone. Ellington zoning regulations require a special permit to operate an amusement enterprise, such as a video arcade, in a commercial zone.

On July 1, 1983, Spectrum was granted a one year special permit to use its location as a game room, subject to the condition, among others, that it "shall con-

trol loitering and other nuisance occurrences from the public which may disrupt the quiet enjoyment of area residents and other businesses occupying the shopping center." Spectrum did not challenge the validity of this condition.

In 1984, Spectrum applied for renewal of its special permit. At a public hearing before the commission, testimony was adduced from nearby business owners and residents concerning noise, litter, vandalism, loitering and use of drugs and alcohol in the shopping center by patrons of Spectrum. The commission unanimously denied the application for the renewal of the special permit on the ground that Spectrum "failed to control loitering and nuisances which have disrupted the quiet enjoyment of neighbors and the other businesses in the area."[1]

Spectrum appealed the commission's decision to the Superior Court. The court sustained the appeal, holding that the commission could not "impose a semi-policing obligation upon a special permit applicant," and that "there was no evidence presented to the commission from which [it] could conclude that [Spectrum] created or maintained any nuisance or supported any loitering." We granted certification for appeal to this court.

I

The commission first claims that the court erred because Spectrum did not appeal the 1983 special con-

[1] The commission enumerated other reasons for its decision to deny renewal of the special permit. The trial court concluded that these other reasons could not support the decision of the commission. The commission does not challenge the trial court's conclusion in this regard. Since the commission's decision must be upheld if supported by any one reason given; *Hoagland* v. *Zoning Board of Appeals,* 1 Conn. App. 285, 290, 471 A.2d 655 (1984); and since the commission contests the trial court's conclusion only with respect to the validity of the commission's action based on its finding that Spectrum failed to control loitering and nuisances, our review is limited to this issue.

dition requiring it to control loitering and nuisances, and therefore the validity of that condition was not an issue before the trial court in this case. We agree.

When Spectrum applied for renewal of its special permit in 1984, it did so with full knowledge that attached to the special permit was a condition requiring it to control "loitering and other nuisance occurrences." Of critical significance here is the fact that after accepting the conditions imposed in 1983 without legal challenge, Spectrum sought a renewal of the special permit which included those conditions. Spectrum did not contest the imposition of the conditions before the commission with respect to the renewal of the permit. Just as a party may not ordinarily ask for a certain result and then challenge its validity on appeal; *State* v. *Weidenhof,* 205 Conn. 262, 275, 533 A.2d 545 (1987); *State* v. *Gonzalez,* 13 Conn. App. 40, 43, 534 A.2d 623 (1987); see also *Giulietti* v. *Connecticut Ins. Placement Facility,* 205 Conn. 424, 429, 534 A.2d 213 (1987); a party may not challenge on appeal the validity of a preexisting condition to a special permit which it seeks to renew. Having failed to challenge it when it was imposed, Spectrum was in no position to contest the validity of the condition when the commission evaluated Spectrum's renewal application by looking to its noncompliance with the condition.

Spectrum, citing *Parish of St. Andrews Church* v. *Zoning Board of Appeals,* 155 Conn. 350, 354, 232 A.2d 916 (1967), argues that an unauthorized condition upon a special permit is void, and therefore any denial of the renewal of a permit based upon a failure to comply with that condition is arbitrary, capricious and unreasonable. The *Parish of St. Andrews Church* decision is distinguishable. That case involved a direct challenge to a condition attached to a special permit. Here, Spectrum accepted the condition imposed upon its special permit and acquiesced in the validity of that condition by its

application for renewal. Spectrum has not directed our attention to any case in which a special permit condition was declared void in a similar collateral attack on its validity. Finally, we note that if we held otherwise, and allowed an applicant to challenge the validity of a special permit condition which was not questioned until after the applicant's noncompliance, a special permit applicant would have it both ways, making the system of land use regulation contemplated by General Statutes § 8-2 impractical and unworkable.

## II

The trial court also concluded that there was no evidence that Spectrum "created or maintained any nuisance or supported any loitering." This conclusion was not justified.

" 'Courts are not to substitute their judgment for that of the board . . . and decisions of local boards will not be disturbed so long as honest judgment has been reasonably and fairly exercised after a full hearing. . . . "Upon appeal, the trial court reviews the record before the board to determine whether it has acted fairly or with proper motives or upon valid reasons." ' (Citations omitted.) *Whittaker* v. *Zoning Board of Appeals,* 179 Conn. 650, 654, 427 A.2d 1346 (1980). Since the 'credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency'; *Feinson* v. *Conservation Commission,* 180 Conn. 421, 425, 429 A.2d 910 (1980); the court must determine the correctness of the conclusions from the record on which they are based. *Housatonic Terminal Corporation* v. *Planning & Zoning Board,* 168 Conn. 304, 306, 362 A.2d 1375 (1975)." *Torsiello* v. *Zoning Board of Appeals,* 3 Conn. App. 47, 49–50, 484 A.2d 483 (1984).

"Where a zoning authority has stated the reasons for its action, a reviewing court may only determine if the

reasons given are supported by the record and are pertinent to the decision. *Goldberg* v. *Zoning Commission*, 173 Conn. 23, 25–26, 376 A.2d 385 (1977) . . . The decision of a zoning authority will only be disturbed if it is shown that it was arbitrary, illegal or an abuse of discretion. *Beit Havurah* v. *Zoning Board of Appeals*, 177 Conn. 440, 444, 418 A.2d 82 (1979)." Id., 50.

The commission's decision was based upon a finding that Spectrum failed to control loitering and nuisances by its patrons which disrupted the quiet enjoyment of nearby residents and businesses. The issue of whether Spectrum "created" or "supported" those activities was not relevant to an evaluation of the commission's conclusion. The evidence presented to the commission amply supported its determination that Spectrum had failed to control, or even attempt in good faith to control, the disruptive behavior of its patrons. In passing upon an application for a special permit, Ellington zoning regulations mandate the commission to consider, inter alia, "the need for the proposed use; existing and future character of the neighborhood . . . and protection of neighborhood property values. . . . " Ellington Zoning Regulation 4.1 (f). Having concluded that Spectrum had not fulfilled a condition of its special permit and had failed to control the objectionable conduct of its patrons, the commission's conclusion was based on the evidence before it and was properly guided by the standards set forth in the applicable statutes and regulations.

There is error, the judgment is set aside and the case is remanded to the trial court with direction to dismiss the appeal of the plaintiff.

In this opinion the other judges concurred.