[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal by Robert Bressani (the plaintiff) to the New London Superior Court from a decision of defendant, the Planning and Zoning Commission of the City of Groton (hereinafter "Commission") denying his application for both a special permit for the construction of a wooden dock and for Coastal Area Management ("CAM") site plan approval.
Plaintiff filed a petition with this court on December 11, 1989. Defendant Commission filed an answer and return of record on March 1, 1990, after which a court hearing was held on October 2, 1990. Both parties have filed exhaustive briefs with the court.
The plaintiff is found to be aggrieved by the decision of the Commission in that Mr. Bressani is the owner of the property which is the subject matter of the application and that such property has been depreciated in value because of the action of the Commission.
The following facts are found in the record. The plaintiff's property is located at 265 Thames Street, Groton, in a Waterfront Business Residence (WBR) zone where under Article 3 (3.14f) of the Groton Zoning Regulations, residential uses are permitted of right and boat docks require a special permit. (Record Items 2 and 12). The property contains an existing four-unit multi-family residential building and has approximately 40' footage on the Thames River. (Record Items 4 and 6). On July 31, 1989, the plaintiff filed applications with the defendant Commission for special permit and site plan approval for construction of a dock to be used solely by residents of the apartment building. (Record Items 3 and 4). The proposed dock would contain a maximum of four slips. (Record Item 4). In addition, plaintiff applied for Coastal Site Plan Review under Section 22a-109 of the Connecticut General Statutes and section 4.6 of the Zoning Regulations. (Record Item 5).
On September 19, 1989, a public hearing was held on CT Page 4810 the applications. On November 21, 1989, the Commission denied the application. (Record Item 13). The reasons given for the denial of the special permit were as follows:
 a. The application does not meet the Application of Standards Test as outlined in Section 6.54 of the Zoning Regulations of the City of Groton.
 b. The nature and intensity of the proposed use (four (4) slips), especially given the lack of parking on site, would not be in general harmony with the character and appearance of the surrounding neighborhood, as delineated in Section 6.54(c), Zoning Regulations of the City of Groton.
 c. Public safety and welfare of the public in general would be adversely affected if this application were approved, since the applicant has not provided sufficient parking for users of the proposed dock, thereby creating the possibility of serious parking problems, as discussed in Section 6.54(e), Zoning Regulations of the City of Groton. (Record Item No. 13).
Coastal Site Plan No. 109 for the proposed dock was also denied. No reasons were stated as to why the Coastal Site Plan was denied. (Record Item 13).
The Special Permit Criteria of the Zoning Regulations for the City of Groton specifically states that:
 In reviewing a Special Permit application, the Commission shall take into consideration the public safety, and welfare of the public in general and of the residents of the immediate neighborhood, in particular. More specifically, the Commission shall determine whether or not the proposed use:
 a. Meets all other requirements of the zoning ordinance;
 b. Conforms to the general intent of the Plan of Development of the City of Groton; CT Page 4811
 c. Insures that the location, size and appearance of any proposed use, building or structure, as well as the nature and intensity of operations involved in or conducted in connection therewith, will be in general harmony with the character and appearance of the surrounding neighborhood, and will not be hazardous or otherwise detrimental to the appropriate and orderly development or use of any adjacent land, building or structure;
 d. Provides utility systems that are suitably located, adequately designed, and properly installed to serve the proposed uses, to protect the property from adverse air, water or land pollution, and to preserve and enhance the environmental quality of the surrounding neighborhood and that of the City;
 e. Creates serious parking, traffic or circulation problems;
 f. Seriously impairs adjacent property values.
 (Section 6.54 of the Groton Zoning Regulations.)
The issues presented by this appeal are:
(1) Whether the Coastal Site Plan Review, Connecticut General Statutes section 22a-109, applies to plaintiff's proposed construction of the dock;
(2) Whether the reasons articulated by the Commission for the denial of the special permit are consistent with the zoning regulations; and
(3) Whether there is sufficient evidence in the record to support the Commission's findings.
With regard to the Coastal Site Plan Review, plaintiff claims in his complaint that:
 The Commission improperly denied the Coastal Site Plan Review application because the application fully satisfied the goals, policies and objectives of CT Page 4812 Chapter 44 (Section 22a-90, et seq.) of the General Statutes known as the Coastal Management Act;
 The Commission improperly denied the Coastal Site Plan Review because it failed to give reasons for its denial as required under Section 22a-109 (f) of the General Statutes.
Also the plaintiff in his brief claims the activity is exempt from Coastal Area Management review.
The defendant argues that because the proposed dock is limited to the use of residents only, it fails to meet the criteria for a water dependent activity. (Defendant's Brief, pp. 6-7). Further, the defendant argues that the proposed easement, although suggested by the Commission's staff member, was not sufficient to establish a water dependent use because it runs between abutting property lines and until an easement to the street is granted on some other parcel, the easement could not be utilized. (Defendant's Brief, pp. 7-8).
With respect to the Commission's denial of the special permit, the plaintiff contends that "the Commission acted unlawfully, in excess of its authority, erroneously, arbitrarily, capriciously, upon unlawful procedures, and in abuse of its discretion . . ." (Plaintiff's Complaint, p. 3). In support of this, plaintiff claims that the special permit application fully complied with all applicable regulatory requirements (section 3.11; section 3.12(d); section 6.54 of Groton Zoning Regulations) and that the record does not substantiate a finding of non-compliance. (Plaintiff's complaint, pp. 3-4). Plaintiff concludes that the reasons given by the Commission were not proper reasons under the regulations and that the allegation of lack of parking spaces is erroneous because the dock is for the exclusive use of the existing residents of the building, and therefore no additional parking is needed. (Id. at 5). Finally plaintiff submits that "(t)he members of the Commission did not act in a proper administrative capacity as required, but acted by virtue of the members' own subjective opinions, instead of applying the Regulations to the evidence in an objective manner;" (Id. at 6).
Defendant argues that "the proposed dock had the potential to aggravate already hazardous parking conditions." (Defendant's Brief, p. 10). Defendant points out that the record reasonably supports the Commission's conclusions, because there was testimony "indicating that the proposed use CT Page 4813 could possibly increase the number of guests visiting the residents." (Id.)
Moreover, defendant argues that in keeping with Regulation section 6.54, when reviewing an application for a special permit, the Commission is required to consider the public safety and welfare. Defendant claims public safety would be adversely affected in this case, because of the lack of sufficient parking for users of the proposed dock. (Id. at 9).
With regard to the proper scope of review, when a zoning authority has stated reasons for its action, the reviewing court ought only to determine whether the assigned grounds are reasonably supported by the record and whether they are pertinent to the considerations which the authority was required to apply under the zoning regulations. Goldberg v. Zoning Commission, 173 Conn. 23, 25-26 (1977). "The commission's action must be sustained if even one of the stated reasons is sufficient to support it." Id. at 26.
In evaluating the sufficiency of the record, the court must determine only whether there was substantial evidence which reasonably supported the administrative decision, since the credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency. Fenison v. Conservation Commission, 180 Conn. 421, 425 (1980).
Moreover, courts are not to substitute their judgment for that of the board and decisions of local boards will not be disturbed so long as honest judgment has been reasonably and fairly exercised after a full hearing. Spectrum of Connecticut, Inc. v. Planning Zoning Commission, 13 Conn. App. 159,163 (1988).
"Upon appeal, the trial court reviews the record before the board to determine whether it has acted fairly or with proper motives or upon valid reasons . . . (T)he court must determine the correctness of the conclusions from the record on which they are based." Id.
Coastal Area Management Site Plan Review
The Court first addresses the applicability of Coastal Site Plan Review to plaintiff's proposed construction of the dock. Connecticut General Statutes section 22a-109 was enacted as Public Act 79-535, An Act Concerning Coastal Management. The Act's objective was to establish a statewide Coastal Area Management (CAM) program to coordinate local and CT Page 4814 state efforts to consider the impact of private and public development on the shoreline and its resources. Public Act 82-250 amended Connecticut General Statutes section 22a-109 (b) by providing exemptions from the coastal site plan review. Public Act 83-525 further enlarged the exemptions. It exempts the following uses: ". . .(2) construction of new or modification of existing structures incidental to the enjoyment and maintenance of residential property including but not limited to walks, terraces, driveways, swimming pools, tennis courts, docks and detached accessory buildings;" (emphasis added).
A review of the legislative history relating to Senate Bill No. 587, the precursor of Public Act 82-250, indicates the following comments were made by Glen Gross, speaking for Commissioner Pac, to the Joint Committee on Environment:
 Basically what the bill does (is) it extends the exemptions that now apply only to uses that it were formally has a right. (sic) We have five exemptions that apply across the board, but only for a limited class of planning and zoning decisions. We are going to expend those exemptions to all municipal and planning and zoning decisions, especially in the case of variances for example, you could have had a case now under the existing statute where someone puts in a dormer or window and they have to go through coastal site, plan and review and their next door neighbor can build a new house with a swimming pool and a garage and they don't have to go through site, plan and review. So we want to extend all of those exemptions.
Report To The Joint Committee On Environment, at 585 (1982). The legislature, in adopting these amendments, has taken a broad view with regard to the residential exemptions.
In order to show that a use is accessory, a landowner must prove that the use sought is secondary to the principal use and that it is customarily incidental to the principal use. Thomas v. Zoning Hearing Bd., 550 A.2d 1045,1047 (1988, PA Comwlth). Thus, an incidental use is an accessory use. Docks have been found to be an accessory use. See Talbot v. Gray, 11 Wash. App. 807, 525 P.2d 801 (1974) (a dock constructed on five feet of shoreland was a permitted CT Page 4815 accessory use to residential lakeshore property). Therefore, it follows that a dock is an incidental use and as such is incidental to the enjoyment of residential property so long as it is restricted to those who own or rent that property.
There is also support in the record for the claim that the plaintiff's proposed dock is an accessory use as it is intended solely for residents who live in Mr. Bressani's apartment building. See Record Items: No. 6, Site Plan and No. 4, Application For Special Permit. As pointed out in plaintiff's brief, the zoning enforcement officer referred to the dock as an accessory use in his report. (Record Item 17).
Since the Commission's Coastal Area Management regulations must conform to the General Statutes which provide the enabling authority (see Arnold Bernhard Co. v. Planning Zoning Commission, 194 Conn. 152, 159 (1984)) regulations which exceed the authority of section 22a-109 of the General Statutes will not avail the defendant.
The Court therefore finds the proposal to be exempt from Coastal Area Management site plan approval. This finding makes it unnecessary to reach the other claims of the plaintiff regarding the failure of the Commission to state upon its record the reasons for the denial.
Special Permit
The Court next addresses plaintiff's contention that the Commission unlawfully denied the plaintiff's special permit application.
First, it must be noted that the burden is on the plaintiff to prove that the board has acted illegally or so arbitrarily and unreasonably as to invalidate its action. Morningside Association v. Planning and Zoning Bd. of the City of Milford, 162 Conn. 154, 157, 292 A.2d 895 (1972).
The question raised by this claim is whether the reasons articulated by the Commission are consistent with the zoning regulations and whether they are supported by the record. "Where a zoning authority has stated its reasons (for its action), in accordance with General Statutes section 8-3, the reviewing court ought only to determine whether the assigned grounds are reasonably supported by the record and whether they are pertinent to the considerations which the authority was required to apply under the zoning regulations." Goldberg v. Zoning Commission, 173 Conn. 23, 25-26 (1977).
Section 6.54 of the City of Groton Zoning CT Page 4816 Regulations may be summarized as requiring the Commission to consider the following:
a. requirements of the zoning ordinance;
 b. general intent of the Plan of Development;
 c. location, size and appearance of any proposed use and nature and intensity of operations in connection with the character and appearance of the neighborhood;
 d. location of utility systems: suitably located to serve the proposed use and to protect from adverse environmental impact;
 e. serious parking, traffic or circulation problems;
 f. serious impairment of adjacent property values. (Record Item No. 11).
The Commission cited the following reasons for denial:
 a. The application does not meet the Application of Standards test as outlined in Section 6.54 of the Zoning Regulations of the City of Groton.
 b. The nature and intensity of the proposed use (four (4) slips), especially given the lack of parking on site, would not be in general harmony with the character and appearance of the surrounding neighborhood, as delineated in Section 6.54(c), Zoning Regulations of the City of Groton.
 c. Public safety and welfare of the public in general would be adversely affected if this application were approved, since the applicant has not provided sufficient parking for users of the proposed dock, thereby creating the possibility of serious parking problems, as discussed in Section 6.54(e), Zoning Regulations of the City of Groton.
CT Page 4817
(Record Item No. 13).
The Commission in effect decided that the proposed use, the dock with four slips, would not be in general harmony with the surrounding neighborhood because of lack of parking for users of the dock. Also that public safety and welfare of the public would be adversely affected for the same parking reasons.
No evidence in the record was found relating to the "character and appearance of the surrounding neighborhood."
The proposed dock was to be restricted to use by residents of the building already on the site. For example, there was testimony referred to in defendant's brief that the dock could "possibly" increase the number of guests visiting residents of the existing residence. (Defendant's Brief, p. 10).
There is no claim here that the plaintiff's application did not comply with any specific parking space requirement of the regulations.
While there was evidence of congestion on Thames Street (Record Item 11, p. 19), this is an offsite traffic concern and as such should not serve as a basis for denying the plaintiff's special permit application, especially when the effect shown is speculative in nature. See Sowin Associates v. Planning and Zoning Commission, 23 Conn. App. 370
(1990).
The Court finds that the record does not support the reasons given by the Commission for the denial of the special permit.
For the above reasons, the appeal is sustained.
LEUBA, J.