[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal brought by plaintiff, Sakson Nursery, Inc. ("Sakson") challenging an April 18, 1988 decision of defendant, Planning Zoning Board of Appeals of the Town of Greenwich ("PZBA"), which overruled the town zoning enforcement officer's refusal to issue a cease and desist order. On August 29, 1990 the court, Ryan, J., issued a Memorandum of Decision upholding the PZBA's decision and dismissing Sakson's appeal. CT Page 5568
On September 12, 1990, Sakson filed a Motion to Reargue and Motion to Open the Judgment. On September 19, 1990 defendant Ellen Keats, who originally appealed to the PZBA requesting it to reverse the zoning officer's decision, filed objections to Sakson's Motion to Reargue and Motion to Open the Judgment.[1] Sakson later filed a Revised Motion to Reargue, Revised Motion to Open the Judgment and a Memorandum in support of these motions, all dated October 4, 1990. By a motion dated December 11, 1990, Sakson moved to submit additional evidence in this matter. On December 11, 1990 and March 26, 1991, the court heard argument on the above motions. Also on March 26, 1991, the court heard additional evidence in this action and reserved decision on the Motion to Reopen the Judgment.
Sakson argues the following two grounds in support of its Revised Motions to Reargue and to Open the Judgment:
 1. The Greenwich zoning regulation (6-141 (b)(5)) upon which both the court and the Board relied was repealed before the court reached its decision on August 29, 1990; and
 2. The court found that the use of the property was a commercial nursery was not a permitted use despite the fact that the board has not made any such finding.
(Plaintiff's Memorandum of Law in Support of Revised Motion to reargue and Revised Motion to Open Judgment dated October 4, 1990 at 6).
Sakson argues in its memorandum that this court should not uphold the PZBA's decision when the zoning regulation upon which that decision was based has been repealed. Sakson argues that both the PZBA and the court in their respective decisions relied upon Greenwich Municipal Code 6-141 (b)(5) Non-Corming Uses: Restrictions. Sakson argues that section 6-141 (b)(5) establishes a one year period for the cessation of a allegedly nonconforming use without regard to the intent of the owner of the nonconforming property. Sakson also argues that on October 1, 1989 6-141 (b)(5) was repealed by the passage of Public Act 89-277 which amended Connecticut General Statutes 8-2. Sakson argues that the purpose of the amendment was to require local zoning authorities to consider the intent of the owner to cease or abandon the nonconforming use. Sakson concludes that the court should decide this appeal in accordance with the law at the time of the court's decision rather than at the time of the PZBA's CT Page 5569 action on the application and that the court should sustain plaintiff's appeal.
Connecticut Public Acts, No. 89-277, 1 took effect on October 1, 1989 and provides:
 [R]egulations shall not prohibit the continuance of any non-conforming use, building or structure existing at the time of the adoption of such regulations. Such regulations shall not provide for the termination of any nonconforming use solely as a result of nonuse for a specified period of time without regard to the intent of the property owner to maintain that use.
Conn. Pub. Acts., No. 89-277, 1 and 4 (1989).
The Greenwich zoning regulations pertaining to non-conforming uses are section 6-141 et. seq. (Return of Record [ROR] #15 Building Zone regulations of the Town of Greenwich at 102-04). The provision that the PZBA relied upon for its decision is as follows:
 Where a nonconforming use of land or structure has ceased for a period of one (1) year or more has been changed to a conforming use, the nonconforming use shall not again be permitted.
Greenwich Municipal Code 6-141 (b)(5) (ROR #15 at 104)
Regardless of whether the Conn. Pub. Acts, No. 89-277 or Greenwich Municipal Code 6-141 (b)(5) applies, the record supports a finding that the property owner intended to abandon the property as a commercial nursery. The finding of intent is a factual question for the PZBA to decide. "If the board fails to give the reasons for its actions, or if its reasons are inadequate, the trial court must search the record to determine whether a basis exists for the action taken." Stankiewicz v. Zoning Board of Appeals, 15 Conn. App. 729,732 (1988), aff'd, 211 Conn. 76 (1989). It is found that because the PZBA's decision does not specifically address the intent of the owner, the court must search the record to determine whether there is evidence in the record that would support the PZBA's action overruling the town zoning enforcement officer's refusal to issue a cease and desist order. The record reveals that at the April 6, 1988 public hearing the question of intent was presented to the PZBA. The applicant's attorney John P. Tesei stated that nonconforming uses are subject to abandonment if not used within a one year period and there is a degree of intent involved. CT Page 5570 (ROR #7, Transcript of April 6, 1988 hearing at 47 and 116). The PZBA received evidence on the question of intent by way of an affidavit of the property owner Hildegard Krueger, dated October 7, 1989, in which she swore that the premises were used as a commercial nursery to that date. (ROR #8 Exhibits (A)(8)). Hildegard Krueger's son Paul Krueger testified that he helped his mother fill out her final Sale and Use Tax Report. (ROR #7 at 86). The PZBA also heard testimony from Alan S. Garner rebutting Hildegard Krueger's affidavit. (ROR #7 at 62-67). There was testimony from the applicant Ellen Keats as to conversations she had with Hildegard Krueger. One of the subjects of these conversations was that Mrs. Krueger and her husband decided to give up the business. (ROR #7 at 69-70) "Courts are not to substitute their judgment for that of the board . . . ." Whittaker v. Zoning Board of Appeals, 179 Conn. 650, 654
(1980). "[T]he trial court reviews the record before the board to determine whether it has acted fairly or with proper motives or upon valid reasons." Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 707 (1988). "`[T]he credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency.'" Spectrum of Connecticut, Inc. v. Planning and Zoning Commission, 13 Conn. App. 159, 163 (1988), cert. denied, 207 Conn. 804 (1988). "Courts must not disturb the decision of a zoning [board] unless the party aggrieved by that decision establishes that the [board] acted arbitrarily or illegally." Stankiewicz,15 Conn. App. at 737, aff'd. 211 Conn. 76 (1989). It is the opinion of the court, although there is conflicting testimony, there is evidence that would support a finding that Hildegard did intend to abandon the property as a commercial nursery. Based on this evidence and the PZBA's April 18, 1988 decision which specifically found that "this small commercial nursery was discontinued in recent years. . ." the plaintiff, Sakson, has failed to prove that the PZBA acted arbitrarily or illegally in overruling the town zoning enforcement officer's refusal to issue a cease and desist order.
Sakson's other argument in support of its Revised Motions to Reargue and to Open the Judgment is that "[t]he trial court should not have ruled upon the question of permitted use when the administrative body below had not made such a ruling."
The PZBA's Letter of Decision states that it was unanimously resolved that Ellen Keats' appeal be granted on the following grounds:
 Testimony was submitted that a small commercial nursery operated on the subject property prior to the adoption of the 1947 zoning regulations. This use continued for some years on a legally nonconforming basis.
 After careful consideration of all of the testimony presented, the Board finds that the preponderance of the evidence is that this small commercial nursery was discontinued in recent years due to the declining health of the owner. Section 6-141 (5) of the Building CT Page 5571 Zone Regulations provides that where a nonconforming use of land has ceased for a period of one (1) year, the nonconforming use shall not again be permitted.
 Accordingly the right to operate a commercial nursery on the residential property in question has lapsed. . . .
(ROR #12 Letter of Decision dated April 18, 1988).
Sakson argues that the PZBA decision is silent on the question of "permitted use" and only finds a lapse of a nonconforming use. Sakson concludes that because the PZBA never ruled that the property as a nursery was a permitted use this court's August 29, 1990 Memorandum of Decision goes beyond the permissible scope of review.
It is found that although the August 29, 1990 Decision discussed permitted use and nonconforming use the court did not go beyond its scope of review in finding "that the record supports the PZBA's conclusion that the property's current use was nonconforming." (Memorandum of Decision dated August 29, 1990, Ryan, J.). The trial Court merely reviewed the record before the board and determined that the PZBA acted fairly and with valid reasons to support its decision. Accordingly, it is submitted that Sakson's second argument is without merit.
In conclusion, Sakson's Revised Motions to Reargue and to Open the Judgment are denied. Additionally, because the above discussion is dispositive of the issues, the PZBA's "Motion to Strike" the revised motions are denied and Sakson's appeal remains dismissed.
JOHN P. RYAN, JUDGE
ENDNOTE