[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff applied to the Zoning Board of Appeals of the City of Meriden (hereafter ZBA) for a special exception for a gasoline facility/convenience store at 497 Broad Street. ZBA denied the application leading to the present appeal. Plaintiff claims the ZBA denied him at the same time it approved a Merit convenience store/gasoline facility located diagonally across Broad Street; plaintiff asserts that the two applications involve identical or substantially the same use at the same intersection. Plaintiff is not persuasive.
Plaintiff owns 497 Broad Street. The denial prevents him from expanding his lot utilization to include a convenience store. Aggrievement is found. Bossert Corp. v. Norwalk, 157 Conn. 279,285, 253 A.2d 39 (1968).
On this application, ZBA acted in an administrative capacity. If the application meets the regulatory standards, the permit must issue, but if the application fails that test, the permit must be rejected. R. K. Development Corp. v. City of Norwalk, 156 Conn. 369,377, 242 A.2d 781 (1968). Plaintiff has the burden of proof. Whittaker v. ZBA, 179 Conn. 650, 427 A.2d 1346 (1980). CT Page 6388
The court does not substitute its judgment. The court reviews the record to see whether the ZBA acted fairly, or with proper motives or upon valid reasons. Spectrum of Connecticut, Inc. v. PZC, 13 Conn. App. 159, 535 A.2d 382 (1988).
Meriden, on March 5, 1990, amended its zoning regulations to require a special exception for a "convenience store/gas facility" in the Central Commercial C-1 District. Meriden Zoning Code, Chapter 213 (hereafter Zoning Code). A convenience store/gas facility was defined as "any building . . . used for the retail sale of. . . common types of motor vehicle fuel provided such use is in conjunction with the convenient dispensing of `consumer goods items', i.e. pre-packaged grocery and dairy products, reading and directional materials, not snacks, small novelty items and tobacco products, etc." Zoning Code 213-7B. Plaintiff intends to sell soda, milk, bread, health and beauty needs, quick food, sandwiches, soup, coffee, deli, ice, services, ice cream, hot dogs, hamburgers, groceries, vacuum services and compressor services. Record A. The retail area is a walk-in facility of 1125 square feet.
The request for a special exception was unanimously denied. The ZBA felt that the location of the convenience store would not be in harmony with the appropriate and orderly development of the zoning district; Zoning Code 1110.2.1; and that the proposed use would create a traffic or fire hazard and impair the pattern of highway circulation and safety per Zoning Code 1110.2.2.
 I
Plaintiff has concentrated his appeal on a claim ZBA acted improperly because it denied his special exception while at the same time ruling that a competitor across the street did not require a special exception. Plaintiff claims the issue in this case is the predetermined, arbitrary, capricious and confiscatory action by the ZBA as well as abuse of regulatory discretion by the ZBA in denying plaintiff a reasonable use of his property and unconstitutionally taking his property without just compensation. Plaintiff raises this expansive charge; by comparing the denial of his claim allegedly well within the regulation, while simultaneously deciding that competitor did not need a special exception for the "identical" proposed use. Plaintiff's Brief, p. 4.
The convoluted statement of the issue presented can be addressed in two parts.
 a.
First, plaintiff's legal argument flounders on a faulty CT Page 6389 premise, that both operations were factually identical, nearly identical or like.
The Merit competitor's application is described in New Haven CV 90-0307206, Hurst et al v. ZBA et al. The parties had full opportunity to compare the cases and the court took judicial notice of the other file. Guerriero v. Galasso, 144 Conn. 600,605, 136 A.2d 497 (1957). The court did grant a motion for protective order and to quash deposition so as to prevent deposing or subpoenaing the commissioners of ZBA. Item 108.
While the competitor did, indeed, like the plaintiff, start with a special exception application for a convenience store/gasoline facility, the competitor advised the town that only certain limited designated items in fact would be sold at a window kiosk. On that specific representation, ZBA, ruled that the sales did not require a special exception. ZBA, therefore, never tested the competitor's application against the special exception requirements.
The competitor's non-fuel sale operations were permitted accessory uses, identical, nearly identical or like the plaintiff's own sales at his current facility. Record D, p. 6. So much of the CV 90-0307206 memorandum as relates to this issue are made a part of this memorandum. There is no reason to doubt that the ZBA would not have treated plaintiff similar to the competitor is plaintiff had agreed to a similar restricted list of sale products. Sonn v. Planning Commission of City of Bristol,172 Conn. 156, 374 A.2d 159 (1976); Cameo Park Homes, Inc. v. Planning and Zoning Commission of Town of Stratford, 150 Conn. 672,192 A.2d 886 (1963); Beach v. PZC, 141 Conn. 79, 85, 103 A.2d 814
(1954). Clearly, plaintiff wants more, and he crossed the line into a walk-in convenience store with an expanded stock requiring the special exception.
ZBA was under no legal obligation to treat plaintiff and competitor alike when the ultimate proposals were not like. The two decisions are easily reconcilable. The court finds no evidence to support the claim the action of the ZBA was predetermined, arbitrary or capricious.
 b.
Second, plaintiff's legal argument under the constitution of Connecticut, Article First, 11, flounders on the faulty premise that the ZBA action plaintiff was either denied reasonable use of his property or there was an unconstitutional taking without just compensation. Luf v. Southbury, 188 Conn. 336, 348-349,449 A.2d 1001 (1982). Plaintiff does not attack the regulation itself. Beacon Falls v. Posick, 212 Conn. 570, 563 A.d 285 (1989). CT Page 6390
Whatever the action of the ZBA on plaintiff's application for the special exception for the convenience store/gasoline facility, he can continue his present operations on site: a gas station selling fuel and accessory items just like all other gas stations in Meriden. Brecciaroli v. Conn. Env. Prot., 168 Conn. 394,362 A.2d 948 (1975). The economic utility of plaintiff's property has not been destroyed. Wright v. Shugrue, 178 Conn. 710, 713,425 A.2d 549 (1979). The mere failure to increase the value of the property by adding a convenience store does not establish an unconstitutional taking. Manor Development Corporation v. Conservation Commission, 180 Conn. 692, 433 A.2d 990 (1980); Brecciaroli v. Conn. Env. Prot., supra.
This appeal prevents no record or evidence which otherwise factually supports plaintiff's constitutional claim. cf. Strom v. P.Z.C., 153 Conn. 339, 216 A.2d 623 (1966). Without the factual basis, the court need not apply the balancing test when there is a restriction on land use. Chevron Oil Co. v. ZBA, 170 Conn. 146,151, 365 A.2d 387 (1976); see, Husti v. Zuckerman Property Enterprises, Ltd., 199 Conn. 575, 580, 508 A.2d 735 (1986).
 II.
The plaintiff has not briefed his objections to the stated reasons of ZBA. To that extent he has abandoned any claim and the reasons need not be reviewed by this court. Rodriquez v. Mallory Battery Co., 188 Conn. 145, 1480149, 448 A.2d 829 (1982).
However, ZBA in its brief did discuss the reasons for the denial. If the issue were still open, the court would find that the ZBA in performance of its responsibilities properly resolved conflicting traffic evidence against the plaintiff. Spectrum of Connecticut Inc. v. PZC, 13 Conn. App. 159, 535 A.2d 382 (1988).
The Planning Commission submitted a report on the application expressing concern with traffic circulation at a "critical entranceway to the Broad Street boulevard area", a dog leg intersection. The Commission reminded the ZBA to consider 1110.2 (213-56B) Special exception objectives. Record B. Any site plan particularly should not create traffic or fire hazards and should not block or hamper the city circulation plan. Zoning Code 213-56B(2). Plaintiff's traffic consultant reported that the convenience store operation would not have a significant impact upon traffic operators. Record Transcript 1. At the specific request of the parties, the court observed the site.
The plaintiff objected to the Merit proposal on traffic grounds; the owner of the Merit station reciprocated at the plaintiff's hearing claiming that traffic problems would be CT Page 6391 created by ZBA approval. Record D.
The credibility of witnesses and resolution of factual issues are within province of the administrative agency. Feinson v. Cons. Comm., 180 Conn. 421, 425, 429 A.2d 910 (1980).
 III.
Plaintiff has not met his burden of proof.
The ZBA did not act illegally, arbitrarily or abuse its discretion. Accordingly, the decision of the ZBA is affirmed and the appeal is denied.
SAMUEL S. GOLDSTEIN, JUDGE