[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
The plaintiffs Joseph T. Martin and Carol Carrano are the owners of a one family dwelling at 1127 Wells Place, in the town of Stratford. The property is located in an RS-4 district which provides for single family dwellings only as well as some other associated uses. The dwelling is on the corner of Wells Place and East Street and is comprised of thirteen rooms on three floors. The house was constructed in 1906 prior to Zoning in Stratford.
The plaintiffs submitted an application to the Zoning Commission on April 15, 1991 for a special case under 20 of the Stratford Zoning Regulations. They specifically sought permission to create a once bedroom apartment on the third floor and to convert their dwelling into a two family home.
The record would further disclose that there are in existence other two family homes and at least one three family home in the general area within the same zoning district which apparently pre-existed zoning in Stratford. It also appears that similar applications to convert their property to a two family home were denied twice by the Stratford Zoning Board of Appeals and once by the defendant commission.
The Commission unanimously denied the application for reasons set forth in the Record. CT Page 6154
Aggrievement
The plaintiff Joseph T. Martin testified at the hearing on June 15, 1992 and on the basis of his testimony aggrievement is found.
Law
By virtue of Conn. Gen. Statute sec 8-6 and 3.20 and 20 of the Stratford Zoning regulations the Zoning Commission assumed the role of deciding cases involving use variances as special cases pursuant to 20 of its regulations under the criteria set forth in 20.2. This court will utilize only the criteria set forth in 20.2 in deciding this case.
Although the plaintiffs' brief on occasion mentions the use of both the terms "special case" and "waiver of use" as being somehow inconsistent, the court finds no such inconsistency. All it connotes is that Stratford, by its regulations, has transferred the former function to vary uses from the Zoning Board of Appeals to the Zoning Commission under certain prescribed criteria.
Although the plaintiffs in paragraph 7(c) of their Appeal raise as a ground for appeal the fact that variances can only be granted by a Zoning Board of Appeals and not by a Zoning Commission, they have not briefed that issue, have not attacked the jurisdiction of the Zoning Commission in the case and in fact have invoked that jurisdiction by filing the present application.
The only issue remaining for the court to determine is whether the reasons given by the Commission for denying the application are supported by the record. The Commission in its meeting on July 8, 1991, in denying the application gave as its reasons the following: "this use is not compatible to the area, too intense a use, would possibly be spot zoning no legal hardship was established, as well as comments listed on the staff report."
This court will not consider the reason concerning legal hardship because it is unclear whether that is a proper reason under 20.2 of the Zoning regulations. The problem with the plaintiffs' position is that if any of the reasons given by the Commission are supported by the record and pertain to criteria set forth in 20.2, the court has no power to substitute its discretion for the Commission. Holt-Lock Inc. v. Zoning Commission, 161 Conn. 182, 190 (1991) Spectrum of Conn. Inc. v. Planning and Zoning Commission, 13 Conn. App. 159,163-164 (1988). CT Page 6155
The reasons given by the Commission are clearly pertinent to subsections 9(a), (d), (e), (g) of 20.2 and are supported by the record and the planning notes of Commission personnel. The fact that there are some pre-existing non conforming multiple family dwellings in the areas is certainly no reason to grant this application. Under the plaintiffs' argument a whole district could be changed from one family to two family as long as it was done one at a time. The fear of a domino effect in granting one change of use is a legitimate factor to consider in this type of case.
It also appears that this same request for two family status has been denied on three previous occasions by Stratford Zoning authorities. There does not appear to be anything new in this application nor any change in the reasons proffered for its approval.
The decision of the Planning and Zoning Commission is affirmed and the appeal is denied.
JOSEPH T. GORMLEY, JR., JUDGE