[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The plaintiff is the operator of a nightclub located in the town of East Windsor, Connecticut. The nightclub operates under a special use permit with a condition that CT Page 12122 restricts the presence of persons under twenty-one years of age.
Plaintiff on or about August 5, 1997 filed an application with the Planning and Zoning Commission of the Town of east Windsor ("Commission") for a renewal of its exiting special use permit with a request to modify the age restriction condition.
The Commission, on August 12, 1997, approved the renewal of the special use permit, but denied the modification request.
Plaintiff has brought this appeal from the Commission's action in requiring the continuation of the age restriction condition.
The defendant Commission has moved to dismiss this action, asserting that it is untimely under General statutes § 8-8 (b).
Defendant correctly asserts that plaintiff having failed to appeal the imposition of the condition on the original special use permit, is unable to attack it upon the renewal.
Our Supreme Court has considered this issue and held:
 First, we have uniformly held that failure to file a zoning appeal within the statutory time period deprives the trial court of jurisdiction over the appeal. Cardoza v. Zoning Commission, 211 Conn. 78, 82, 557 A.2d 545 (1989); Carpenter v. Planning Zoning Commission, 176 Conn. 581, 593, 409 A.2d 1029 (1979). We have also consistently held that "when a party has a statutory right of appeal from the decision of an administrative agency, he may not, instead of appealing, bring an independent action to test the very issue which the appeal was designed to test." Carpenter v. Planning Zoning Commission, supra, 598, and cases cited therein. Moreover, we have ordinarily recognized that the failure of a party to appeal from the action of a zoning authority renders that action final so that the correctness CT Page 12123 of that action is no longer subject to review by a court. Haynes v. Power Facility Evaluation Council, 177 Conn. 623, 629-30, 419 A.2d 342
(1979); see Beit Havurah v. Zoning Board of Appeals, 177 Conn. 440, 418 A.2d 82 (1979). All of these rules rest in large part, at least in the zoning context, on the need for stability in land use planning and the need for justified reliance by all interested parties — the interested property owner, any interested neighbors and the town — on the decisions of the zoning authorities. It would be inconsistent with those needs to permit, in this case, a challenge to a condition imposed on a zoning permit when the town seeks to enforce it more than three years later. See Spectrum of Connecticut, Inc. v. Planning Zoning Commission, 13 Conn. App. 159, 163, 535 A.2d 382, cert. denied, 207 Conn. 804, 540 A.2d 373 (1988) (permitting collateral attack on special permit condition would make land use regulation system impractical and unworkable).
Upjohn Co. v. Zoning Board of Appeals, 224 Conn. 96, 102-03.
The action of the Commission in placing a condition on the special use permit was final when the original permit was issued. Plaintiff having failed to challenge the correctness of the decision at that time is precluded from doing so at the time of the permit renewal.
The plaintiff's appeal is untimely and is dismissed.
Robert F. McWeeny, J.