[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal from a decision of the planning and zoning commission of the town of Avon, which approved a modification to a site plan for a hotel. The site plan was previously approved and appealed from; the decision approving the prior site plan was affirmed in Simonelli v.Planning Zoning Commission; CV01-0805326 S, Judicial District of Hartford, December 21, 2001 (Maloney, J.) ("Simonelli I"). AfterSimonelli I was decided, the applicants, the defendants Accord Real Estate and Ensign Bickford submitted an application to modify the site plan by moving the swimming pool outdoors, realigning a driveway, adding a gate house and changing the facade. The plan was submitted in August 2002, and hearings were held in September and October 2002. The plan was approved, with conditions, on October 3, 2002. The Simonellis have appealed.
I find that the appellants are aggrieved. Their property abuts the property in issue and is within one hundred feet of the parcel.
The appellants argue that the decision should be reversed for two primary reasons. They claim that the commission did not properly consider whether the proposed use would satisfy the noise regulations of the town, and in any event the approval was not supported by substantial evidence as to the noise issue. Secondly, they suggest that the parking plan does not satisfy the regulations. The defendants deny any impropriety in the approval and submit that the parking issue is subject to res judicata and collateral estoppel, because the issue was determined inSimonelli.
The plaintiffs have the burden of demonstrating that the decision of the commission was arbitrary, illegal or an abuse of discretion. Schwartzv. Planning Zoning Commission, 208 Conn. 146, 152 (1998); Spectrumof Connecticut, Inc. v. Planning Zoning Commission,13 Conn. App. 159, 163 (1988). The court is not to substitute its CT Page 3276 judgment for that of the commission. Mobil Oil Corporation v. ZoningBoard of Appeals, 15 Conn. App. 729, 731-32 (1989).
I have carefully examined the record,[1] the briefs and the authority submitted by all sides and I find the appeal to be without substance. The regulation regarding noise, § V (H), states that "commercial . . . uses . . . shall not be conducted in such a way as to create noise which is considered objectionable due to volume, intermittence, beat, frequency, shrillness or intensity." The regulation then lists maximum allowable decibel levels at the property boundaries at various frequencies. Some evidence was presented at the commission hearings; commission members also indicated that the regulation was a "performance standard," in that the regulation applied to all uses in any event. The applicants presented some evidence and assured the members that they anticipated no problem meeting the standards. I agree with the commission in its statements that the regulation applies, that some evidence was presented, though concededly somewhat speculative, and that, in any event, it presumably will be enforced in the future if it is violated. The property will be subject, at a minimum, to a cease and desist order if there is evidence of a violation.
The parking issue was fully considered at the first set of hearings and has been decided. The same number of parking spaces are provided for, and the same plan to meet the need remains in place. There is no need, based on the record of this case, to revisit the issue. The issue is barred by claim and issue preclusion, and, indeed, the commission took no action on the issue in these proceedings in any event.
The appeal is dismissed.
Beach, J.