[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Sebastian and Rebecca Gangemi (the plaintiffs), appeal from the decision of the defendant, the Zoning Board of Appeals of the Town of Fairfield (ZBA)[1], denying their application seeking to invalidate a no rental condition imposed by the ZBA when it granted the plaintiffs a variance in 1986 to enlarge their house. This appeal is brought pursuant to General Statutes § 8-8. The court finds that the plaintiffs, having accepted the benefits of the variance and not having challenged the condition by appeal at that time, are precluded from doing so now. The plaintiffs' failure to file a zoning appeal challenging the validity of the no rental condition within the statutory time period in 1986 deprives the court of subject matter jurisdiction to hear this appeal.
The following facts are undisputed. The plaintiffs are the owners of the property located at 863 Fairfield Beach Road, Fairfield, Connecticut. On March 13, 1986, the plaintiffs filed an application with the ZBA requesting a variance from the Fairfield Zoning Regulations §§ 2.5.1, 2.5.6, 2.7, and 7.5. (Return of Record (ROR), Item 1 (Schedule A1): Variance Application; Appeal, ¶ 1). The variance would have allowed the plaintiffs to enlarge their non-conforming home and also convert it from summer use to year-round use. (Appeal, ¶ 1; ROR, Item 1 (Schedule A1): Variance Application.) In order to effectuate that conversion, the plaintiffs maintained that they needed to enclose the existing porch, enlarge the bathroom and construct a furnace room. (ROR, Item 1 (Schedule A1): Variance Application.) The plaintiffs' application stated that they "intended to use the property for family use only on a year-round basis." (ROR, Item 1 (Schedule A1): Variance Application.)
On April 3, 1986, the ZBA conducted a public hearing on the plaintiffs' application. (Appeal, ¶ 4.) On May 1, 1986, the ZBA granted the plaintiffs' variance application subject to the following conditions: (1) the plaintiff would provide two off-street parking spaces; and (2) the use of the home would be limited to family use; and would not be used for rental purposes.[2] (ROR, Item 1 (Schedule A4-1): Notice of Filing.) CT Page 7353
Commencing in 1990, the plaintiffs moved out of the home and began renting the subject premises to various tenants. (Appeal, ¶ 8 and 9.). On May 20, 1996, Peter J. Marsala (Marsala), Fairfield's Zoning Enforcement Officer, issued the plaintiffs an Order to Comply which stated that the plaintiffs' rental of the home violated the ZBA's conditional approval. (ROR, Item 1 (Schedule A5): Order to Comply; Appeal, ¶ 10.) Marsala ordered the plaintiffs to have the present tenants vacate the subject premises. (ROR, Item 1 (Schedule A5)).
On June 3, 1996, the plaintiffs filed an application with the ZBA requesting that the ZBA invalidate the no rental condition and, thereby, reverse the Order to Comply issued by Marsala. (ROR, Item 1: Application to ZBA; Appeal, ¶ 14.) On August 1, 1996, the ZBA conducted a public hearing and voted to deny the plaintiffs' application.[3] (ROR, Item 11: Transcript of the Public Hearing; Appeal, ¶ 15; Item 6: Notice of Decision). The ZBA found that the no rental condition was offered by the plaintiffs in their application for a variance and that the board basically approved the application as submitted. (ROR, Item 6). The ZBA decided that the plaintiffs should not be allowed to challenge the validity of the condition that they had offered when applying for the variance. (ROR, Item 6.) The ZBA also stated that the proximity of the houses in the Beach section creates a "uniqueness." (ROR, Item 6). The ZBA claims that this "uniqueness" could be used to defend the imposition of the no rental condition, as it promotes the public health and general welfare of the neighborhood. (ROR, Item 6.) The ZBA also found that the no rental condition conserves the value of the buildings located in the neighborhood. (ROR, Item 6.) On August 21, 1996, the plaintiffs appealed the ZBA's decision to the superior court.
JURISDICTION
The plaintiffs bring this appeal from the decision of the ZBA denying their application seeking to invalidate the no rental condition pursuant to General Statutes § 8-8. In order to take advantage of a statutory right of appeal, parties must comply strictly with the statutory provisions that create such a right. Basilicato v. Department of Public Utility Control,197 Conn. 320, 322, 497 A.2d 48 (1985). The statutory provisions are mandatory and jurisdictional in nature, and failure to comply will result in dismissal of an appeal. Id., 322, 324.
Aggrievement CT Page 7354
"[P]leading and proof of aggrievement are prerequisites to the trial court's jurisdiction over the subject matter of a [plaintiffs'] appeal." Jolly, Inc. v. Zoning Board of Appeals,237 Conn. 184, 192, 676 A.2d 831 (1996). An owner of the subject property is aggrieved and entitled to bring an appeal. WinchesterWoods Associates v. Planning Zoning Commission, 219 Conn. 303,308, 592 A.2d 953 (1991). Since the plaintiffs have proven that they are owners of the property which is the subject of the ZBA's decision, the court finds that they have shown aggrievement.
DISCUSSION
The plaintiffs seek to invalidate the no rental condition on the grounds that: (1) state or local law does not authorize the ZBA to impose a condition that is unrelated to the use of land; (2) the no rental condition does not fall within the purpose of zoning; (3) the no rental condition violates state zoning law requiring the development of housing opportunities; (4) the no rental condition is unreasonable; and (5) the no rental condition constitutes an unconstitutional taking of the property. Since the court finds that it does not have subject matter jurisdiction to hear the appeal, the court declines to address the plaintiffs' claims on the merits.[4]
At the time the plaintiffs sought the original variance, General Statutes (Rev. to 1985) § 8-8 (a) provided in pertinent part that: "Any person or persons . . . aggrieved by any decision of said board . . . may, within fifteen days from the date when notice of such decision was published in a newspaper pursuant to the provisions of section 8-3 or 8-7, as the case may be, take an appeal to the superior court for the judicial district in which such municipality is located . . . ." The plaintiffs did not appeal the ZBA's decision within fifteen days from the date when the notice of decision was published.
The plaintiffs claim that this appeal arises from the ZBA's decision to deny their application to reverse Marsala's Order to Comply and that the appeal was timely filed.[5] (Plaintiffs' Brief, p. 3.) The court, however, disagrees with the plaintiffs' characterization of this appeal. The Order to Comply resulted from the plaintiffs' failure to abide by the no rental condition which they accepted when the ZBA granted them the original variance in 1986. In reality, the plaintiffs' request to reverse Marsala's Order to Comply was an attempt to invalidate the no CT Page 7355 rental condition that was attached to the plaintiffs' variance in 1986.
Such an attempt to collaterally attack the validity of a condition has been held to be invalid. Upjohn Co. v. Zoning Boardof Appeals, 224 Conn. 96, 97, 102, 616 A.2d 793 (1992). InUpjohn, the plaintiff was granted a permit to erect and enclose certain structures in connection with the wastewater treatment system on its property.Id., 98. The commission approved the applications, subject, however, to several conditions. Id. Condition seven required the plaintiff to submit a timetable for the elimination of future sludge production and removal of all existing sludge from the site. Id. The plaintiff did not appeal, or otherwise challenge, the validity or imposition of condition seven. Id., 98-99. Thereafter, the zoning enforcement officer issued a cease and desist order to the plaintiff requiring that it remove all the existing sludge from the property. Id., 99.
The plaintiff appealed the cease and desist order to the zoning board of appeals and challenged the validity of condition seven. Upjohn Co. v. Zoning Board of Appeals, supra,224 Conn. 99. After the board denied the appeal, the plaintiff appealed the denial to the trial court. Id. The trial court sustained the appeal on the ground that condition seven had been "beyond the authority conferred on the [c]ommission . . . and therefore not within the commission's subject matter jurisdiction." (Internal quotation marks omitted.) Id., 100.
The Supreme Court reversed the trial court's decision. Id., 102. The Supreme Court reasoned that "the recipient of a zoning permit that had been granted subject to a condition [cannot] accept both the benefits of the permit and the condition attached to it, by failing to challenge the condition by way of direct appeal . . . and then, years later, defend against the enforcement of the condition by attacking its validity ab initio." (Citations omitted.) Upjohn Co. v. Zoning Board ofAppeals, supra, 224 Conn. 101-02. The Supreme Court had previously "held that failure to file a zoning appeal within the statutory time period deprives the trial court of jurisdiction over the appeal." Id., 102. The court had also held that "when a party has a statutory right of appeal from the decision of an administrative agency, he may not, instead of appealing, bring an independent action to test the very issue which the appeal was designed to test." (Internal quotation marks omitted.) Id. Moreover, the court had "recognized that the failure of a party CT Page 7356 to appeal from the action of a zoning authority renders that action final so that the correctness of that action is no longer subject to review by a court." Id. Based on these well established principles, the court concluded that the plaintiff, "having secured the permits in 1983 subject to condition seven and not having challenged the condition by appeal at that time, was precluded from doing so in the 1986 enforcement proceedings at issue in this case." Id., 102. In the present case, the court finds that the plaintiffs, having secured the variance in 1986 subject to the no rental condition and not having challenged the condition by appeal at that time, are precluded from doing so in the 1996 proceedings by challenging the Order to Comply issued by Marsala.
The plaintiffs cite to Reid v. Zoning Board of Appeals,235 Conn. 850, 863, 670 A.2d 1271 (1996), in support of their position that they are not precluded from challenging the validity of the no rental condition several years after its imposition. The plaintiffs reliance on Reid is misplaced because that case involved an invalid personal condition. Id., 863. The present case, however, does not involve a personal condition. InReid, the Supreme Court considered the effect of Public Act 93-385, as it amended General Statutes § 8-6 (b), on invalid variances. Id., 854-56. General Statutes § 8-6 (b) provides: "Any variance granted by a zoning board of appeals shall run with the land and shall not be personal in nature to the person who applied for and received the variance. A variance shall not be extinguished solely because of the transfer of title to the property or the invalidity of any condition attached to the variance that would affect the transfer of the property from the person who initially applied for and received the variance." Id., 858.
In Reid, the plaintiff was the owner of property subject to a variance granted in 1975 to his predecessor in title. Id., 851-52. The variance gave the previous owner the right to occupy the property on a year-round basis for her lifetime. Id., 852. The zoning enforcement officer found the plaintiff in violation of the zoning regulations for occupying the premises year-round.Id. The zoning enforcement officer ordered the plaintiff to cease occupying the premises as a year-round dwelling. Reid v. ZoningBoard of Appeals, supra, 235 Conn. 852. The plaintiff appealed the order to the zoning board of appeals and the board upheld the action of the officer, finding the cease and desist order to be valid. Id. The plaintiff appealed the decision of the board to CT Page 7357 the Superior Court. Reid v. Zoning Board of Appeals, supra,235 Conn. 852. The court determined that the condition that the previous owner have year-round occupancy for her "life use only" was unreasonable. Id., 853. Since the "`condition was an integral part of the board's decision,' it was not severable and the variance was void ab initio." Id., 854. As a result, the trial court dismissed the plaintiff's appeal. Id.
In light of the legislature's passage of Public Act 93-385, the plaintiff appealed the decision of the trial court and the appeal was transferred to the Supreme Court. Reid v. Zoning Boardof Appeals, supra, 235 Conn. 854. The Supreme Court first determined that the legislature intended to give Public Act 93-385 retroactive effect. Id., 864. As a result, the Supreme Court concluded that "any prospective challenges to variances subject to otherwise invalid, integral conditions must result in the severance of the condition and the survival of the otherwise valid variance." Id. The Supreme Court, therefore, held that the "illegal condition of `life use only' is severed from the plaintiff's variance and that his variance survives and runs with the land, such that he is entitled to year-round occupancy of the subject premises." Id.
Public Act 93-385 (General Statutes § 8-6 (b)) is not applicable in the present case. The first sentence of Public Act 93-385 reads: "Any variance granted by a zoning board of appeals shall run with the land and shall not be personal in nature to the person who applied for and received the variance." "[I]t is well settled that variances run with the land and are not personal in nature. Therefore, consistent with prior case law, a statute now states that a variance runs with the land . . . ." (Brackets omitted; internal quotation marks omitted.) Reid v.Zoning Board of Appeals, supra, 235 Conn. 859. The plaintiffs' variance, which allowed them to enlarge their non-conforming house, runs with the land and is not personal in nature. Whomever owns the land will receive the benefit of the variance, and its viability is not dependent on the plaintiffs' continued ownership or the "lifetime" of any individual. The second sentence of Public Act 93-385 reads: "A variance shall not be extinguished solely because of the transfer of title to the property or the invalidity of any condition attached to the variance that would affect the transfer of the property from the person who initially applied for and received the variance." Certainly, the variance at issue will not be extinguished upon the transfer of the property; furthermore, since the no rental condition is not CT Page 7358 personal, it will not affect the transfer of the property.
The purpose of Public Act 93-385 is to protect the variance from being extinguished if any condition is found to be invalid. In Reid v. Zoning Board of Appeals, supra, 235 Conn. 863, the Supreme Court explained that "[i]t is more logical to view the legislature as having intended to sever invalid personalconditions from otherwise valid variances whether such condition was in existence at the time of the act's passage or created later." (Emphasis added.) An examination of the legislative history also supports the conclusion that Public Act 93-385 was intended to protect a variance from being voided on the ground that the board attached an invalid personal condition. "The progenitor of the act, Irving H. Beck, `had been the beneficiary of a variance [which ran to him personally] that was obtained perhaps twenty years previously because the board had thought, mistakenly, that it could so condition a variance. Having benefitted [benefited] from the illegal condition, the proponent of the legislation now wanted to transfer title to the and including the benefit of the variance, which ran to him personally because of the illegal condition.' (Emphasis in original.) T. Tondro, [Connecticut Land Use Regulation (2d Ed. 1992)] (1995 Cum. Sup. ) p. 34." Reid v. Zoning Board of Appeals, supra, 235 Conn. 863-64. "The legislature intended that Beck receive the benefit of the variance . . . ." Id., 864. Since the plaintiffs' variance runs with the land, the benefits of the variance will be enjoyed by the plaintiffs as well as the subsequent owners of the land. The legislature did not intend Public Act 93-385 to be used to invalidate non-personal conditions that have no affect on the legality of the variance when the land is transferred. Public Act 93-385 was intended to protect those variances that were, in the past, voided because the ZBA attached an invalid personal condition to the variance. See Reid v. Zoning Board of Appeals, supra, 235 Conn. 863. In the present case, the plaintiffs' variance runs with the land and, therefore, does not need to be saved by Public Act 93-385. Since Public Act 93-385 applies only to invalid personal conditions, the plaintiffs: cannot use that act to bypass the statutory requirement that any party aggrieved by any decision of the ZBA must bring an appeal within fifteen days from the date when notice of the ZBA's decision was published. See General Statutes (Rev. to 1985) § 8-8 (a).
The appeal is dismissed.
Gary J. White, Judge CT Page 7359