## MARSHALL D. MORRIS *v.* MARION J. MORRIS IRWIN ET AL. (2905)

DUPONT, C.P.J., BORDEN and COVELLO, Js.

Argued April 18—decision released July 2, 1985

*Edward W. Manasse,* for the appellant (plaintiff).

*Albert E. Goring, Jr.,* for the appellees (defendants).

COVELLO, J. By writ, summons and complaint dated July 15, 1978, Marion J. Morris commenced an action against her husband, Marshall D. Morris, seeking a dissolution of their marriage. Both parties in that action

were represented by counsel and in due course the matter proceeded to a four day trial before *Hon. John R. Thim,* state trial referee, and was aborted on October 29, 1979, when counsel orally presented a proposed agreement concerning all aspects of the dissolution including the disposition of marital assets.

The referee asked the parties individually whether each understood the agreement and approved of its terms. Each responded in the affirmative. The referee then dissolved the marriage and ordered a division of the couple's property pursuant to their stipulation which counsel had read into the record. Thereafter, a written judgment, certified by both attorneys as conforming to the judgment entered in court, was submitted and executed by the referee.

In May, 1982, Marshall D. Morris instituted this action against his former wife, the named defendant, and their sons, seeking a declaratory judgment as to the validity of certain orders entered incident to the judgment dissolving their marriage. The trial court, *Pickett, J.,* rendered judgment upholding those orders. The plaintiff appealed.

The gravamen of the plaintiff's claim is that the court lacked subject matter jurisdiction to dispose of the marital property as it did. He seeks to renounce his earlier agreement for that reason. We conclude that under the circumstances evident here, the plaintiff cannot contest subject matter jurisdiction and we therefore find no error.

The dissolution orders contained no provision for periodic alimony nor were there any orders of support as the two children of the marriage were already beyond the age of eighteen years. The plaintiff paid his wife $60,000 as lump sum alimony and she in turn conveyed to him her interest in five parcels of land in the town of Morris for his use for life. The decree further pro-

vided that upon the plaintiff's death or his failure to occupy the Morris property for eight continuous months, title to the land would vest in the couple's two children. The plaintiff now claims that this latter portion of the decree constitutes an order in the nature of support for children beyond their eighteenth birthday and, as such, the court lacked subject matter jurisdiction to enter it.

"[I]t is clear that, under the common law, a trial court has inherent authority to open and modify a judgment it rendered without jurisdiction. Such a judgment is void ab initio and is subject to both direct and collateral attack. See *Jensen* v. *Nationwide Mutual Ins. Co.*, 158 Conn. 251, 260, 259 A.2d 598 (1969); *Samson* v. *Bergin,* 138 Conn. 306, 312, 84 A.2d 273 (1951); Restatement, Judgments §§ 7, 11, 117; Restatement (Second), Judgments § 15 and Introductory note to Chapter 5, p. 8 (Tent. Draft No. 6, 1979); 3 Freeman, Judgments (5th Ed.) § 1227; 47 Am. Jur. 2d, Judgments §§ 752, 753." *Broaca* v. *Broaca,* 181 Conn. 463, 467–68, 435 A.2d 1016 (1980). "If a court has never acquired jurisdiction over a defendant or the subject matter . . . any judgment ultimately entered is void and subject to vacation or collateral attack." *Bartels* v. *International Commodities Corporation,* 435 F. Sup. 865, 867 (D. Conn. 1977).

The traditional view has in recent years been moderated by a perception, especially in dissolution cases " 'that even litigation about subject matter jurisdiction should take into account the importance of the principle of the finality of judgments, particularly when the parties have had a full opportunity originally to contest the jurisdiction of the adjudicating tribunal. James & Hazard, Civil Procedure (2d Ed. 1977) § 13.16, esp. 695–97; Restatement (Second), Judgments § 15 (Tent. Draft No. 5 1978).' *Monroe* v. *Monroe,* 177 Conn. 173, 178, 413 A.2d 819. Under this rationale, at least where

the lack of jurisdiction is not entirely obvious, the critical considerations are whether the complaining party had the opportunity to litigate the question of jurisdiction in the original action, and, if he did have such an opportunity, whether there are strong policy reasons for giving him a second opportunity to do so. James & Hazard, op. cit. 695; Restatement (Second), Judgments, supra." *Vogel* v. *Vogel,* 178 Conn. 358, 362–63, 422 A.2d 271 (1979).

"Litigation about whether subject matter jurisdiction exists should take into account whether the litigation is a collateral or direct attack on the judgment, whether the parties consented to the jurisdiction originally, the age of the original judgment, whether the parties had an opportunity originally to contest jurisdiction, the prevention of a miscarriage of justice, whether the subject matter is so far beyond the jurisdiction of the court as to constitute an abuse of authority, and the desirability of the finality of judgments. *Connecticut Pharmaceutical Assn., Inc.* v. *Milano,* 191 Conn. 555, 468 A.2d 1230 (1983); *Vogel* v. *Vogel,* supra; *Monroe* v. *Monroe,* 177 Conn. 173, 413 A.2d 819, appeal dismissed, 444 U.S. 801, 100 S. Ct. 20, 62 L. Ed. 2d 14 (1979); 1 Restatement (Second), Judgments § 12." *Arseniadis* v. *Arseniadis,* 2 Conn. App. 239, 243–44, 477 A.2d 152 (1984).

In the present case, we are confronted with a collateral attack on a 1979 Connecticut judgment which was more than two and one-half years old when this challenge was instituted. No appeal was taken from the original judgment. Not only did the plaintiff have the opportunity to litigate jurisdiction in the original action, he created the jurisdictional problem by asking the court to adopt his agreement in the original dissolution proceedings. His attorney joined in presenting a

written proposed judgment to the court, certified as being in conformity with the oral judgment rendered by the referee.

The plaintiff does not argue that an ambiguity, mistake or misrepresentation exists. He simply claims that the court was without jurisdiction to accept and order the very terms of the agreement which he himself submitted to the court for adoption. Under such circumstances we are unable to find the "strong policy reasons for giving him a second opportunity to [challenge jurisdiction]." *Vogel* v. *Vogel,* supra, 363. "[A] party cannot belatedly contest subject matter jurisdiction when he 'was fully aware of the consequences of the [decree] and had the opportunity to fully litigate the question of jurisdiction in the original action, but, by stipulation, agreed without reservation to the terms of the orders which he now challenges.' *Vogel* v. *Vogel,* 178 Conn. 358, 363, 422 A.2d 271 (1979); *Monroe* v. *Monroe,* supra, 178; James & Hazard, Civil Procedure (2d Ed. 1977) § 13.16, pp. 695-96; 1 Restatement (Second), Judgments § 12, esp. comment c (1982)." *Connecticut Pharmaceutical Assn., Inc.* v. *Milano,* 191 Conn. 555, 560, 468 A.2d 1230 (1983).

We do not countenance the principle that the parties can, simply by entering a stipulation, confer subject matter jurisdiction on the court. We hold only that, under the circumstances of this case, the plaintiff cannot make a belated and collateral attack on the original judgment of the court.

There is no error.

In this opinion the other judges concurred.