THE UPJOHN COMPANY *v.* ZONING BOARD OF APPEALS OF THE TOWN OF NORTH HAVEN
(14428)

PETERS, C. J., CALLAHAN, BORDEN, BERDON and NORCOTT, Js.

Argued September 29—decision released November 24, 1992

*Robert K. Ciulla,* with whom was *Charles R. Andres,* for the appellant–appellee (defendant).

*S. Robert Jelley,* with whom were *William J. Doyle, Brian J. Doyle* and, on the brief, *Patrick J. Monahan,* for the appellee–appellant (plaintiff).

BORDEN, J. The dispositive issue of this appeal and cross appeal[1] is whether the plaintiff, The Upjohn Company (Upjohn), may collaterally attack, in a zoning enforcement proceeding brought in 1986, the validity of a condition to zoning permits that had been imposed in 1983 but that had not been challenged by direct appeal at that time. The defendant, the zoning board of appeals of the town of North Haven (board), appeals and Upjohn cross appeals from the judgment of the trial court sustaining Upjohn's zoning appeal from a decision of the board. The board's decision had upheld a cease and desist order issued by the North Haven zoning enforcement officer requiring Upjohn to remove a sludge pile from its property located on Sackett Point Road in North Haven.[2]

[1] The defendant, the zoning board of appeals of the town of North Haven, appealed, and the plaintiff, The Upjohn Company, cross appealed, from the judgment of the trial court to the Appellate Court, and we transferred the appeal and cross appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c).

[2] For a more detailed description of the origin and subsequent history of the sludge pile, see the companion appeal. *Upjohn Co.* v. *Planning & Zoning Commission,* 224 Conn. 82, 616 A.2d 786 (1992).

In its appeal, the board claims that the trial court: (1) applied an improper analysis to the December, 1982 applications for fill permits and site plan approval that generated the imposed condition involved in this case; (2) improperly substituted its judgment for that of the board regarding the validity of the condition; and (3) improperly concluded that Upjohn was entitled to make a collateral attack on the 1983 condition in the 1986 enforcement proceedings. In its cross appeal, Upjohn claims that the trial court improperly concluded that there was a sufficient record to support a determination that the maintenance of the sludge pile was not an accessory use under the North Haven zoning regulations. On the board's appeal, we agree with its third claim and need not, therefore, consider its first two claims. We consider Upjohn's cross appeal moot. We therefore reverse the judgment of the trial court, and dismiss the cross appeal.

## THE BOARD'S APPEAL

The facts are undisputed. On December 22, 1982, Upjohn filed with the North Haven planning and zoning commission (commission) three applications to erect and enclose certain structures in connection with the wastewater treatment system on its property: (1) for a fill permit to cap an old polishing lagoon; (2) for a fill permit to accommodate a structure on an existing aeration lagoon; and (3) for site plan approval to enclose an existing aeration lagoon. On January 23, 1983, the commission held a public hearing on the applications and, on February 14, 1983, approved the applications, subject, however, to twenty conditions.

At issue in this case is condition seven of the February 14, 1983 approval. That condition provided "that a plan be submitted with a timetable for the elimination of future sludge production and removal of all existing sludge from the Upjohn site." Upjohn did not appeal

or otherwise challenge the validity or imposition of condition seven. After considerable subsequent correspondence between Upjohn and the commission regarding the sludge pile, the zoning enforcement officer, claiming that Upjohn was in violation of condition seven, on May 16, 1986, issued a cease and desist order to Upjohn requiring that it remove all the existing sludge from the property.[3]

Upjohn appealed the cease and desist order to the board, claiming that: (1) condition seven was void and unenforceable because it was unrelated to the subject of the permits to which it had been attached in 1983; (2) the sludge pile constituted a valid nonconforming use under the zoning regulations and, therefore, the commission could not have legally required its removal in 1983; (3) Upjohn had complied with condition seven by proposing a schedule for eventual removal of the sludge pile; and (4) state and federal environmental statutes preempted the local zoning regulations and condition seven. The board denied Upjohn's appeal.

Upjohn appealed from that denial to the trial court. In its first memorandum of decision, the court dismissed Upjohn's appeal, ruling, inter alia, that Upjohn could not collaterally attack in these enforcement proceedings the validity of condition seven because it had accepted the benefits of the permits without appealing from the condition imposed on the permits. Subsequently, however, the court, sua sponte, opened the

---

[3] The cease and desist order provided in pertinent part as follows: "The purpose of this letter is to inform you that the Upjohn Company is in violation of the conditions attached to the zoning approvals granted by the North Haven Planning and Zoning Commission in February of 1983. The violation stems from your company's failure to remove all sludge stored on the Upjohn Company site.

"As a result of your company's violation, you are hereby ordered to CEASE AND DESIST all outdoor storage of sludge on the Upjohn property. Failure to comply with this order will result in the Town taking further legal action against the Upjohn Company."

judgment it had rendered, and issued a corrected memorandum of decision. In its second decision, the court held that, because the 1982 applications were for site plan approval and fill permits governed by General Statutes § 8-3 (g),[4] condition seven had been "beyond the authority conferred on the Commission pursuant to § 8-3 (g)," and therefore not within the commission's subject matter jurisdiction. Accordingly, the trial court rendered a judgment sustaining Upjohn's appeal on that ground. This appeal followed.

The board claims that the trial court incorrectly concluded that Upjohn could collaterally attack the validity of condition seven in the enforcement proceedings more than three years after its imposition by the commission and acceptance by Upjohn. We agree.

We begin by reasserting the accepted principle that a municipality's zoning powers are limited by the zoning statutes and the municipality's zoning regulations. "As a creature of the state, the . . . [town, whether acting itself or through its planning commission,] can exercise only such powers as are expressly granted to it, or such powers as are necessary to enable it to discharge the duties and carry into effect the objects and purposes of its creation. *Baker* v. *Norwalk,* 152 Conn. 312, 314, 206 A.2d 428 [1965], and cases cited therein; *Bredice* v. *Norwalk,* 152 Conn. 287, 292, 206 A.2d 433 [1964]; *State ex rel. Sloane* v. *Reidy,* 152 Conn. 419, 423, 209 A.2d 674 [1965]. In other words, in order to determine whether [a] regulation . . . was within the authority of the commission to enact, we do not search for a statutory prohibition against such an enactment; rather, we must search for statutory authority for the enactment. *Avonside, Inc.* v. *Zoning & Planning Com-*

---

[4] General Statutes (Rev. to 1981) § 8-3 (g) provides in relevant part: "A site plan may be modified or denied only if it fails to comply with requirements already set forth in the regulations."

*mission,* 153 Conn. 232, 236, 215 A.2d 409 (1965); *Blue Sky Bar, Inc.* v. *Stratford,* 203 Conn. 14, 19, 523 A.2d 467 (1987)." (Internal quotation marks omitted.) *Builders Service Corporation* v. *Planning & Zoning Commission,* 208 Conn. 267, 274–75, 545 A.2d 530 (1988). Application of this principle has required that we invalidate, on direct appeal, conditions to a special permit that the planning and zoning commission had no authority to impose. *Beckish* v. *Planning & Zoning Commission,* 162 Conn. 11, 18, 291 A.2d 208 (1971).

We also recognize the principle that certain actions of zoning authorities may be attacked in an independent action after the time period for an appeal has passed. The application of this principle, however, has generally been confined to cases of defective statutorily required published notice to the public. See, e.g., *DiCamillo* v. *Clomiro,* 174 Conn. 351, 353–54, 387 A.2d 560 (1978); *Schrobar* v. *Jensen,* 158 Conn. 202, 208, 257 A.2d 806 (1969); *Smith* v. *F. W. Woolworth Co.,* 142 Conn. 88, 94, 111 A.2d 552 (1955). The rationale for this principle is that "[i]n the absence of newspaper publication, unknown individuals with an interest in zoning matters would have no way of learning what zoning decisions were being contemplated." *Lauer* v. *Zoning Commission,* 220 Conn. 455, 462, 600 A.2d 310 (1991). We have thus regarded a failure to provide the required published notice as a subject matter jurisdictional defect rendering the zoning action void. Id.

Neither of these principles, however, requires the conclusion, implicit in Upjohn's position in this case, that the recipient of a zoning permit that had been granted subject to a condition may accept both the benefits of the permit and the condition attached to it, by failing to challenge the condition by way of direct appeal; see *Beckish* v. *Planning & Zoning Commission,* supra; and then, years later, defend against the enforcement of the condition by attacking its validity ab ini-

tio. We conclude that Upjohn, having secured the permits in 1983 subject to condition seven and not having challenged the condition by appeal at that time, was precluded from doing so in the 1986 enforcement proceedings at issue in this case. Several considerations lead us to this conclusion.

First, we have uniformly held that failure to file a zoning appeal within the statutory time period deprives the trial court of jurisdiction over the appeal. *Cardoza* v. *Zoning Commission,* 211 Conn. 78, 82, 557 A.2d 545 (1989); *Carpenter* v. *Planning & Zoning Commission,* 176 Conn. 581, 593, 409 A.2d 1029 (1979). We have also consistently held that "when a party has a statutory right of appeal from the decision of an administrative agency, he may not, instead of appealing, bring an independent action to test the very issue which the appeal was designed to test." *Carpenter* v. *Planning & Zoning Commission,* supra, 598, and cases cited therein. Moreover, we have ordinarily recognized that the failure of a party to appeal from the action of a zoning authority renders that action final so that the correctness of that action is no longer subject to review by a court. *Haynes* v. *Power Facility Evaluation Council,* 177 Conn. 623, 629–30, 419 A.2d 342 (1979); see *Beit Havurah* v. *Zoning Board of Appeals,* 177 Conn. 440, 418 A.2d 82 (1979). All of these rules rest in large part, at least in the zoning context, on the need for stability in land use planning and the need for justified reliance by all interested parties—the interested property owner, any interested neighbors and the town—on the decisions of the zoning authorities. It would be inconsistent with those needs to permit, in this case, a challenge to a condition imposed on a zoning permit when the town seeks to enforce it more than three years later. See *Spectrum of Connecticut, Inc.* v. *Planning & Zoning Commission,* 13 Conn. App. 159, 163, 535 A.2d 382, cert. denied, 207 Conn. 804, 540 A.2d

373 (1988) (permitting collateral attack on special permit condition would make land use regulation system impractical and unworkable).

Furthermore, our conclusion is not undercut by the absence of specific evidence in this case that the town intentionally eschewed an earlier cease and desist order based, not on condition seven, but on the town's long-standing position that the sludge pile constituted a zoning violation. The record is clear that, once condition seven had been imposed, the town regarded the condition as dispositive of any claim by Upjohn that it was entitled to maintain the sludge pile indefinitely, and Upjohn was aware of the town's understanding.[5] Thus, the town may well have delayed earlier enforcement action against what it had long regarded as Upjohn's zoning violation precisely because the town knew that it ultimately had the weapon of condition seven. It would be fundamentally unfair to the town, and to its citizens, to permit Upjohn to lull the town into inaction and take advantage of that delay by allowing Upjohn to challenge condition seven at this late date.

Finally, although Upjohn's claim rests on a perceived lack of subject matter jurisdiction in the commission to have attached condition seven to the 1983 permits, we note that there are limits to the notion that subject matter jurisdictional defects may be raised at any time. "As we have only recently observed . . . [t]he modern law of civil procedure suggests that even litigation about subject matter jurisdiction should take into

---

[5] In February, 1984, Upjohn acknowledged that the town was interested "in the eventual removal of solid wastes accumulated on-site." In April, 1985, the zoning enforcement officer reminded Upjohn that it had not complied with the requirement to remove the sludge, and Upjohn responded that "there is no change in our understanding regarding the generation and accumulation of solid wastes at our plant." Finally, prior to the issuance of the cease and desist order, the commission made overtures to Upjohn to propose a satisfactory schedule for compliance with condition seven.

account the importance of the principle of the finality of judgments, particularly when the parties have had a full opportunity originally to contest the jurisdiction of the adjudicatory tribunal. James & Hazard, Civil Procedure (2d Ed. 1977) § 13.16, esp. 695–97; Restatement (Second), Judgments 15 (Tent. Draft No. 5 1978). *Monroe* v. *Monroe,* 177 Conn. 173, 178, 413 A.2d 819 [1979]. Under this rationale, at least where the lack of jurisdiction is not entirely obvious, the critical considerations are whether the complaining party had the opportunity to litigate the question of jurisdiction in the original action, and, if he did have such an opportunity, whether there are strong policy reasons for giving him a second opportunity to do so. James & Hazard, op. cit. 695; Restatement (Second), Judgments, supra." (Internal quotation marks omitted.) *Vogel* v. *Vogel,* 178 Conn. 358, 362–63, 422 A.2d 271 (1979); see also *Connecticut Pharmaceutical Assn., Inc.* v. *Milano,* 191 Conn. 555, 560, 468 A.2d 1230 (1983); *Daly* v. *Daly,* 19 Conn. App. 65, 69–70, 561 A.2d 951 (1989); *Morris* v. *Irwin,* 4 Conn. App. 431, 433–34, 494 A.2d 626 (1985). This is an appropriate case for the application of this bar to collateral attack on subject matter jurisdiction. The lack of jurisdiction, if any, was far from obvious, Upjohn had the opportunity to challenge it at the time, and we perceive no strong policy reasons to give Upjohn a second opportunity to do so now.[6]

We recognize, however, as this discussion suggests, that there may be exceptional cases in which a previ-

---

[6] In this connection, we do not agree that, as the trial court concluded, whether a condition may be collaterally attacked depends on the type of permit to which it was originally attached, or on whether the challenge is viewed as being to the agency's jurisdiction or to the proper exercise of its jurisdiction. See, e.g., *Moscowitz* v. *Planning & Zoning Commission,* 16 Conn. App. 303, 312–16, 547 A.2d 569 (1988). The considerations of reliance, fairness and finality that underlie our decision in this case do not turn on such conceptual differences.

ously unchallenged condition was so far outside what could have been regarded as a valid exercise of zoning power that there could not have been any justified reliance on it, or in which the continued maintenance of a previously unchallenged condition would violate some strong public policy. It may be that in such a case a collateral attack on such a condition should be permitted. We leave that issue to a case that, unlike this case, properly presents it.

Our conclusion that Upjohn may not now challenge the validity of condition seven leaves for our consideration only the scope of the remand on this appeal. Both before the board and in the trial court, Upjohn raised four claims: (1) the enforceability of condition seven, which we have disposed of by this opinion; (2) that the sludge pile was a valid nonconforming use, which Upjohn conceded at oral argument in this court would not survive a conclusion that condition seven was enforceable; (3) Upjohn's claimed compliance with condition seven; and (4) state and federal preemption, which we have disposed of by our opinion in the companion appeal. See *Upjohn Co.* v. *Planning & Zoning Commission*, 224 Conn. 82, 616 A.2d 786 (1992). The only issue remaining for the trial court to decide, therefore, is whether Upjohn had complied with condition seven at the time of the cease and desist order.[7]

## THE CROSS APPEAL

In its cross appeal, Upjohn claims that the trial court improperly concluded "in its February 21, 1991 mem-

[7] We recognize that the trial court, in its first memorandum of decision, rejected Upjohn's compliance claim on its merits. We cannot consider that action of the trial court as final, however, because in its second memorandum of decision it explicitly noted that its determination that condition seven was void constituted the entire ratio decidendi of its decision. Thus, the trial court effectively withdrew the remainder of its first memorandum of decision, including its discussion of Upjohn's claimed compliance with the condition.

orandum of decision that there was sufficient evidence in the record from which the zoning board of appeals could determine that permanent on-site storage of solid waste does not constitute a permissible accessory use under the town's zoning regulations." This claim requires little discussion. It involves, not the ultimate judgment rendered by the trial court, but the first memorandum of decision and judgment that were subsequently withdrawn and opened, respectively. Thus, the cross appeal is moot.[8] See *Upjohn Co.* v. *Zoning Board of Appeals,* 224 Conn. 106, 616 A.2d 798 (1992).

On the appeal, the judgment is reversed, and the case is remanded for further proceedings consistent with this opinion. The cross appeal is dismissed.

In this opinion the other justices concurred.

---

[8] We note further that this claim suffers from the same impediment as does its first cousin raised in the companion appeal, namely, that Upjohn never raised the factual issue of accessory use before the board in this case and, therefore, is not entitled to prevail on that issue on appeal. See *Upjohn Co.* v. *Planning & Zoning Commission,* 224 Conn. 82, 616 A.2d 786 (1992).