[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The plaintiff corporation operates a nightclub at a shopping center in East Windsor, Connecticut. The nightclub is operated in a B-2 zone which requires a special use permit for such use of the property, see East Windsor Zoning regulation 8.1.5.
Plaintiff initially applied for a special use permit in December of 1994. It was approved by the defendant town of West Windsor Planning and Zoning Commission on January 10, 1995, subject to sixteen conditions. Condition #13 provided "The special permit shall initially expire one year from the issuance of a full liquor license by the Liquor Control Commission."
The plaintiff received its full liquor license in August of 1995. Prior to the expiration of the special permit in August of 1996, the plaintiff applied to renew the special permit. The plaintiff further sought the elimination of condition #16 of the original special use permit. Condition #16 required: "No one under 21 shall be permitted on the premises (other than employees) except during non-alcoholic special events." Following a hearing on the renewal application, the defendant renewed the permit for one year with condition #16.[1]
The plaintiff again applied to renew the special use permit in August of 1997, again seeking the elimination of condition #16. Following a hearing, the defendant on August 12, 1997, renewed the permit for one year, once again subject to condition #16. This appeal, filed on September 12, 1997, challenges the legal basis of condition #16. The defendant on October 30, 1997, moved to dismiss the appeal as untimely under General Statutes § 8-8 (b).[2]
Defendant argues that plaintiff was required under § 8-8
(b) to appeal condition #16 within thirty days of the original special use permit issued on January 10, 1995. Defendant relies on the authority of Spectrum ofConnecticut, Inc. v. Planning Zoning Commission,
CT Page 178213 Conn. App. 159, cert. denied, 207 Conn. 804 (1988), and Upjohn Co.v. Zoning Board of Appeals, 224 Conn. 96 (1992).
In Spectrum the property owner-plaintiff was granted a special use permit to operate a game room on July 1, 1983 for one year with a condition that it control "loitering and other nuisance occurrences." Id., 162.
When Spectrum sought to renew its permit in 1984 a public hearing was held where testimony was adduced concerning noise, litter, vandalism, loitering, and use of drugs and alcohol by Spectrum's patrons. The Ellington Planning and Zoning Commission denied the renewal of the special use permit on the grounds that Spectrum failed to control loitering and nuisances. Spectrum appealed the denial of the renewal of the special permit. The Appellate Court in reversing the trial court held: "a party may not challenge on appeal the validity of a preexisting condition to a special permit which it seeks to renew. Having failed to challenge it when it was imposed, Spectrum was in no position to contest the validity of the condition when the commission evaluated Spectrum's renewal application by looking at its noncompliance with the condition." Spectrumof Connecticut, Inc. v. Planning Zoning Commission, supra,13 Conn. App. 162.
In Upjohn, supra, the property owner-plaintiff appealed a zoning board of appeals decision upholding a cease and desist order resulting from a violation of a condition to a zoning permit. The Supreme Court in Upjohn would not allow a collateral attack on the condition in the original permit. We conclude that Upjohn, having secured the permits in 1983 subject to condition seven and not having challenged the condition by appeal at that time, was precluded from doing so in the 1986 enforcement proceedings at issue in this case." Upjohn Co. v. Zoning Board of Appeals, supra,224 Conn. 102. The court went on to note the need for stability in land use planning which necessitated this result.
The instant case is presented in a slightly different context. Unlike the plaintiff in Spectrum, Ike, Inc. has disputed the condition before the Planning and Zoning Board. Also, this appeal is not so clearly a collateral action as in Upjohn. However, Spectrum and Upjohn are based on a more fundamental principle which is dispositive of this case: CT Page 1783 "the failure of a party to appeal from the action of a zoning authority renders that action final so that the correctness of that action is no longer subject to review by a court. Haynes v. Power Facility Evaluation Council,177 Conn. 623, 629-30 (1979); see Beit Havurah v. Zoning Boardof Appeals, 177 Conn. 440 (1979)." Upjohn Co. v. ZoningBoard of Appeals, supra, 204 Conn. 102.
This principle recognizes that special uses or exceptions are "neither absolutely permitted as of right nor prohibited by law. They are privileges, in a sense, which must be applied for and approved by some designated governmental body authorized to condition the grant of permission based on a number of land use considerations. Rohan, Zoning and Land Use Controls § 44.01[1] (1992). SeeA.P.W. Holding Corp. v. Planning Zoning Board,167 Conn. 182, 185 (1974) (the special use must satisfy the conditions enunciated by the zoning board to protect the public health, safety, convenience, and property values."); andRocci v. Zoning Board of Appeals, 157 Conn. 106, 112 (1968). "The basic rationale for the special permit . . . is that while certain land uses may be generally compatible with the uses permitted as of right in a particular zoning district, their nature is such that their precise location and mode of operation must be individually regulated because of the particular topography, traffic problems, neighboring uses, etc., of the site." (Internal quotation marks omitted.)Whisper Wind Development Corp. v. Planning Zoning Commission,32 Conn. App. 515, 519 (1993), aff'd, 229 Conn. 176,640 A.2d 100 (1994).
The plaintiff having failed to appeal the imposition of Condition #16 on its initial special use permit, is no longer able to seek court review of the propriety of such decision.
The appeal is dismissed.
Robert F. McWeeny, J.