[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
This is an action wherein the plaintiff, Dolores Cimino, alleges negligence on the part of the defendant, City of New Haven ("the City"), resulting in injuries suffered by the plaintiff as the result of a fall sustained by her while walking on property owned by the defendant, known as Pitkin Plaza, also CT Page 6588 known as 145 Orange Street, in the City of New Haven, on October 18, 1995. The defendant answered, denying liability. A hearing on the Complaint was held on February 6, 1998.
At the outset of trial, defendant admitted paragraph 3 of plaintiff's Revised Complaint: "On the above date at approximately 7:50 a.m. the defendant was in possession and control of the area known as Pitkin Plaza including a concrete or granite-like sidewalk situated along the northern border of Pitkin Plaza." The parties stipulated that General Statutes, Section 13a-149 did not apply to the area in question and that the plaintiff was proceeding on a theory of negligence, alleging premises liability, to the exclusion of, Section 13a-149. In General Statutes, Section 13a-149 the legislature has provided for municipal liability for property damage or personal injuries caused by defective roads or bridges, Williams v. New Haven,243 Conn. 763, 767.
Having stipulated that Section 13a-149 was not applicable to the instant matter, the defendant City, at time of trial, asserted that it was immune from suit by virtue of governmental immunity and General Statutes, Section 52-557n(a)(2)(B). The plaintiff objected on both procedural and substantive grounds, arguing that the defendant had failed to raise the claim as a special defense and should be precluded from raising the claim at the time of trial. Substantively, the plaintiff argued that the City was not immune from suit in this instance. The court reserved judgment on the question, the parties proceeded to trial on the merits, and after the parties rested, further argument was heard on the defendant's claim of governmental immunity.
 II
Pitkin Plaza, located at 145 Orange Street, is a paved, open space owned and maintained by the defendant City. The dimensions of the lot on which it is located are approximately 78 feet by 105 feet. The plaza is flanked on the easterly side by Orange Street and its parallel sidewalk, and on the northerly and southerly sides by buildings. The plaza is paved mainly with brick and scattered about the plaza are benches and plantings, the latter circled by ornamental brick walls. The area is designed and functions as a public square with members of the public free to traverse, rest and congregate in the plaza. Adjacent to the building on the northerly side of the square is a strip of 30" by 30" granite blocks, running east to west. The CT Page 6589 granite blocks are a whitish color, contrasting with the reddish bricks. Plaintiff has described the granite strip as "sidewalk" while, defense witness characterized it as an "ornamental border" . . . The surface of the strip of granite blocks is approximately level with the brick pavement and there is no physical impediment to a pedestrian using either surface or both as a walkway. Periodically, Pitkin Plaza is the site of a "farmer's market" whereby vendors of fruits, vegetables and the like, bring in crates and set up temporary tables to sell produce to the public. One such occasion was on the morning of October 18, 1995.
On October 18, 1995 and for some time previous, the plaintiff was employed in the federal building located across Orange Street west of Pitkin Plaza. As was her custom, she was traversing Pitkin Plaza on foot, from east to west, coming from a parking lot on Chapel Street to her workplace. Plaintiff had walked to and from work through the plaza for many months previous to the date in question. Because of the congestion in the plaza occasioned by the farmer's market, the plaintiff chose to walk along the granite strip on the northerly border of the plaza. She had utilized the strip as a walkway on previous occasions. The time was shortly before 8 a.m. In an effort to avoid being tardy for work the plaintiff was hurrying a bit, "walking briskly". She was clutching a briefcase to her chest, impeding her view directly downward to some extent. While so walking, at a point approximately twenty feet, six inches east of the east curb line of Orange Street, the plaintiff fell, sustaining injuries, inter alia, to her knee, hip and lumbar area.
The plaintiff attributes her fall to the raised edge of one of the concrete blocks at the point of her fall. At that point a portion of one block edge is raised above its neighboring block. While at their northerly extreme both blocks are virtually level, the height differential between the two blocks increases as they extend southerly to a differential of approximately three fourth's (3/4) of an inch toward their southerly edge. Defendant's witnesses acknowledged such differential, attributing it to "frost heave."
 III
At the time of trial, the defendant filed a memorandum of law, asserting the defense of governmental immunity pursuant to General Statutes, Section 52-557n(a)(2)(B), claiming that the defendant is CT Page 6590 entitled to judgment as a matter of law. The plaintiff objected, arguing that plaintiff should be estopped from asserting this defense because of defendant's failure to raise it by way of special defense at the time of filing its Answer. While the defense of governmental immunity is properly raised as a special defense, the court finds that defendant's failure to do so when filing its answer did not preclude it from raising the defense prior to trial, as was done. See Duguay v. Hopkins,191 Conn., 222,227. The court finds further that the plaintiff was given adequate notice and opportunity to be heard on the issue. It is well settled in Connecticut that deciding the issue of governmental immunity is a matter of law, Gordon v. Bridgeport housing Authority, 208 Conn. 161,170. Therefore, the issue, once raised, must be decided by this court, prior to addressing plaintiffs claim on the merits.
 IV
It is the settled law of this state that a municipal corporation is not liable for negligence in the performance of a governmental function, Williams v. New Haven,243 Conn. 763, 766 (citations omitted). Although municipalities are generally immune from tort liability, municipal employees, historically were personally liable for their own tortious conduct, Burns v. Board of Education, 228 Conn. 640,645. The doctrine of governmental immunity has provided some exceptions to the general rule of tort liability for municipal employees, Id. A municipal employee has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act, Id. . . . The word "ministerial" refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion, Id (citations, quotation marks omitted).
General Statutes, Section 52-557n(a)(2)(B) reads: "Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by: . . . (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law."
In her revised complaint, the plaintiff alleges that the defendant City "failed to take reasonable precautions to eliminate the dangerous and defective condition of the upraised block and to make the area safe for walking."
Even with regard to governmental duty, a municipal employee CT Page 6591 may yet be held liable in tort if his or her act(s) or omission(s) fall into one of three recognized exceptions to qualified immunity for discretionary acts: "first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm . . . second, where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws . . . and, third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence." Purzycki v. Fairfield, 224 Conn. 101,108, quoting from Burns v. Board of Education, supra, at 645. While plaintiff might have brought suit pursuant to General Statutes, Section 13a-149, and sought to persuade the court that this statute was applicable to the defect in question, she chose not to do so. Since the instant revised complaint sounds in negligence, there are no allegations of malice, wantonness or intent to injure. Thus, neither the second, nor the third exceptions apply here.
The plaintiff argues that defendant's conduct comes under the first exception, permitting a tort action in circumstances of likely imminent harm to an identifiable person.
The plaintiff's argument must fail, for reasons stated below. The court finds Williams v. New Haven, 243 Conn. 763 to be dispositive of the instant matter.
While "[I]t is the settled law of this state that a municipal corporation is not liable for negligence in me performance of a governmental function "Williams v. New Haven, supra, at 766," [W]e have also recognized, however, that governmental immunity may be abrogated by statute", Id (citations omitted).
"Thus, the general rule developed in our case law is that a municipality is immune from liability for negligence unless the legislature has enacted a statute abrogating that immunity.
"The legislature has acted to limit governmental immunity in certain circumstances. For example, in General Statutes, S.13a-149 . . . The legislature also has set forth general principles of municipal liability and immunity in General Statutes, S. 52-557n. The plaintiffs have not relied on these two statutes, nor have they cited to any other statute as a means of abrogating the defendant's governmental immunity. (footnote omitted).
"In addition, the legislature has provided for indemnification by municipalities of municipal officers, agents or employees who incur CT Page 6592 liability for certain of their official conduct. See General Statutes, Ss. 7-465 and 7-308. The plaintiffs, however, have not sought to avail themselves of these statutory remedies by bringing an action against any individuals and then claiming municipal indemnification.
"Because it is clear that a municipality enjoys governmental immunity for common law negligence unless a statute has limited or abrogated that immunity, the plaintiffs cannot prevail. The plaintiffs do not rely on any such statute, and they have failed to name an agent, officer or employee of the municipality and to invoke indemnification pursuant to S. 7-465. The doctrine of governmental immunity therefore, is fatal to their cause of action.", Williams v. New Haven, supra, 766-69.
As in Williams, quoted supra, the plaintiff in the instant case cited no statutory abrogation of governmental immunity that would permit her to pursue her claim in negligence against the defendant City. As in Williams, the plaintiff in the instant case failed to bring an action against any officer, agent or employee of defendant, invoking municipal indemnification. The exception urged by the plaintiff is to the doctrine of governmental immunity for discretionary acts performed by municipal employees (emphasis `added). Since the plaintiff failed to bring suit against a municipal employee, the exception does not apply. As in Williams, the doctrine of governmental immunity is fatal to the plaintiff's cause of action.
The court finds as a matter of law that the defendant City of New Haven is immune from liability in the instant matter.
Accordingly, judgment may enter for the defendant, the City of New Haven.
By the Court
Downey, J.