[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs bringing this appeal are Anthony Balesano, Curtis Bibens, Guy Chasse, Frank A. Marzano, Jr., Gary Melendy, Evelyn Melendy, Annie Nauss, and Edward Saccoccia. They appeal a decision of the defendant planning and zoning commission of the town of East Hartford approving a site plan for property owned by defendant Bidwell Associates LLC and leased to defendant LMA-USA Limited Partnership, which is located at 1-31 Main Street in East Hartford. The commission acted pursuant to Conn. Gen. Stats. sec. 8-3. The plaintiff's appeal pursuant to Conn. Gen. Stats. secs. 8-6 and 22a-19. The appeal is sustained in part, and the case is remanded for further action by the commission.
The facts essential to the court's decision are undisputed and fully reflected in the record. Defendant Bidwell Associates LLC is the owner of the property in question, a 31 acre parcel of land on Main Street in East Hartford. The property is located in a Business 1 (B-1) zone. Defendant LMA-USA Limited Partnership ("Partnership") is the leasehold owner, operating a shopping center on the property, including Andy's Food Town, a CT Page 1984 supermarket, as tenant.
On January 16, 2001, the defendant Partnership filed an application for site plan approval with the defendant commission. The site plan proposes reconstruction and enlargement of the supermarket, resulting in an increase in building size from 49,220 square feet to 62,070 square feet, as well as reconstruction of portions of the parking lot.
The commission considered the application at its public meeting on February 14, 2001. The Partnership presented five experts to testify in support of the application. They included two civil engineers, a licensed environmental consultant, a traffic engineer, and an architect. The plaintiffs were not present, but they were represented by counsel, who appeared and was permitted to question the Partnership's experts. The plaintiffs also presented, through their counsel, their own expert, a civil and traffic engineer. All of these experts testified at length and submitted to questions from commission members.
At the conclusion of the hearing, the commission members discussed the application and voted to approve it. It is this decision which is the subject of this appeal.
The court heard oral argument on the appeal on November 14, 2001. On December 6, 2001, the defendants filed a request to present additional argument and evidence. The plaintiffs filed an objection. The court does not require either additional argument or evidence in order to determine the issues raised by the appeal, and the defendants' motion is, therefore, denied.
Based on evidence adduced at the hearing on the appeal and in the record, the court finds the plaintiffs are aggrieved, either by virtue of their ownership of property within one hundred feet of the subject property, Conn. Gen. Stats. sec. 8-8, or because they allege that the plan is reasonably likely to have adverse environmental effects, Conn. Gen. Stats. sec. 22a-19.
In their brief in support of their appeal, the plaintiffs advance essentially five arguments: (1) that the site plan fails to provide adequate parking in violation of the zoning regulations; (2) that the plan fails to include wheel stops in the parking lot as required by section 209.7 of the regulations; (3) that the plan fails to include landscaped buffer zones as required by regulations; (4) that project boundaries are not set forth as required by section 207.4b3.(b) of the regulations; and (5) that the storm drains provided by the plan are inadequate. CT Page 1985
Before analyzing the plaintiffs' arguments, it is useful to set forth the general principles that define the scope of the court's review of a decision of an administrative agency such as the commission in this case. It is, in brief, quite limited.
 General Statutes 8-6 entrusts the commission with the function of interpreting and applying its zoning regulations . . . The trial court must determine whether the commission has correctly interpreted its regulations and applied them with reasonable discretion to the facts . . . The plaintiffs have the burden of showing that the commission acted improperly . . . The trial court can sustain the plaintiff's appeal only upon a determination that the decision of the commission was unreasonable, arbitrary or illegal . . . It must not substitute its judgment for that of the zoning commission and must not disturb decisions of local commissions as long as honest judgment has been reasonably and fairly exercised. (Citations omitted.) Baron v. Planning Zoning Commission, 22 Conn. App. 255, 256-257 (1990).
More specifically, "[j]udicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic facts and whether the conclusions drawn from those facts are reasonable. . . . Our ultimate duty is to determine, in view of all of the evidence, whether the agency, in issuing its order, acted unreasonably, arbitrarily, illegally or in abuse of its discretion. " (Citations omitted; internal quotation marks omitted.) CadlerockProperties Joint Venture, L.P. v. Commissioner of Env. Protection,253 Conn. 661, 676, 757 A.2d 1 (2000).
Substantial evidence is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence. . . ." (Citations omitted; internal quotation marks omitted.) Id., 677.
"In challenging an administrative agency action, the plaintiff has the burden of proof . . . The plaintiff must do more than simply show that another decision maker, such as the trial court, might have reached a different conclusion. . . . [T]he plaintiff must establish that substantial evidence does not exist in the record as a whole to support the agency's decision. " (Citations omitted.) Samperi v. Inland WetlandsAgency, 226 Conn. 579, 587 (1993). "[T]he credibility of witnesses and CT Page 1986 the determination of factual issues are matters within the province of the administrative agency." (Internal quotation marks omitted.). Id. 587-588.
These familiar principles of our law present a formidable obstacle to the overturning by the court of the factual findings and conclusions of an administrative agency such as the defendant commission.
 Parking Spaces
The site plan proposes a total of 662 parking spaces for the parking lot that services the existing businesses plus the proposed addition to the supermarket. This total is composed of 570 spaces approved in 1995, 40 spaces approved for Home Depot in 2000, and 52 additional spaces for the supermarket enlargement.
At the public hearing, there was considerable discussion by the experts retained by the parties and the commission members on this subject. As the basis of their appeal, the plaintiffs contend that the approval of 570 spaces in 1995 was based on a regulation that has been superseded and that the new regulation, section 209.3(u), based on "gross floor area," would produce a larger number, thus increasing the total required by the new site plan. This contention may not be sustained.
Section 209.3 specifically provides that the gross floor area computation is required "unless otherwise specifically approved by the Commission. " In this case, the commission heard abundant and substantial evidence why the lesser number of spaces would be adequate and was fully empowered by the regulation to authorize the number proposed by the site plan. Although the plaintiffs offered expert testimony to the contrary, they have not sustained their burden of proving an abuse of discretion on the part of the commission.
 Landscaped Buffer
Evidence adduced at the hearing, as presented by the Partnership's engineer, indicated that the buffer of trees presently existing between the shopping center and residential areas would not be disturbed. Such buffering is required by sections 203.2 and 209.1d of the regulations. The plaintiffs contend that the site plan is inadequate in this regard. This is the precise kind of factual issue that the commission is empowered to decide. The commission members had sufficient evidence, including their own powers of observation, to do so. The court may not, therefore, overturn the commission's decision in that regard.
 Boundaries
CT Page 1987
The plaintiffs' argue that the defendants' site plan application does not comply with section 207.4.b.3. That regulation, however, pertains to applications for special permits, not site plan approval. It has no relevance for this case, therefore.
 Storm Drains
At the public hearing, the plaintiffs' expert engineer rendered the opinion that the storm drainage system included in the site plan would be inadequate and would adversely affect the water quality of nearby wetlands. The defendants' experts disagreed. The commission members had the benefit of both opinions and chose to agree with the plaintiffs' experts that the proposed drainage system would not have any adverse environmental impact. There is substantial evidence in the record to support that finding, and the court may not, therefore, overturn it.
The court notes further that the East Hartford Inland Wetlands Commission has issued a decision granting the project a wetlands permit. Assuming no appeal of that decision was ever taken, that decision would be final with respect to the wetlands issues raised by the plaintiffs in this case. Upjohn Co. v. Zoning Board of Appeals, 224 Conn. 96, 102
(1992).
 Wheel Stops
The plaintiffs contend that wheel stops in the parking lot are required by section 209.7 of the regulations because of the limited distance between parking spaces. The site plan does not include wheel stops. Although the defendants concede that the regulation does require them, the defendants argue that the commission waived the requirement on the advice of town staff that the stops would interfere with snow plowing.
The court agrees with the plaintiffs that the stops are required. Further, the commission was not authorized to grant what was essentially a variance in the regulation. It may be that wheel stops are inefficient or undesirable for some reason, but if that is the case, the commission's proper course of action would be to amend the regulation, not ignore it. Accordingly, the commission's approval of the site plan without provision for the required wheel stops was not in accordance with law.
 Decision
For all of the reasons set forth above, the appeal is sustained in part. Pursuant to Conn. Gen. Stats. sec. 8-8 (k), the case is remanded to the commission, and the commission is ordered to approve the site plan CT Page 1988 application with the condition that wheel stops be constructed in accordance with section 209.7 of the regulations.
Maloney, J.