******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ESPINOSA, J., dissenting. The marriage of the plaintiff, Eric P. Sousa, and the defendant, Donna M. Sousa, was dissolved in 2001. The judgment of dissolution provided that the plaintiff's pension would be divided equally between the plaintiff and the defendant. Approximately six years later, in 2007, the trial court, *Resha, J.*, adopted as a final order of the court a stipulated agreement between the parties, pursuant to which the plaintiff would be entitled to his full pension. Thereafter, the defendant filed a motion to vacate Judge Resha's order on the ground that General Statutes (Supp. 2016) § 46b-86 (a)[1] deprived the trial court of subject matter jurisdiction to enter such an order. The trial court, *Hon. Lloyd Cutsumpas*, judge trial referee, denied the defendant's motion. On appeal, the Appellate Court held that "it is entirely obvious that § 46b-86 (a) unequivocally deprives a court of subject matter jurisdiction to enter postdissolution orders modifying property distribution provisions in a judgment of dissolution." *Sousa* v. *Sousa*, 157 Conn. App. 587, 600, 116 A.3d 865 (2015). Accordingly, the Appellate Court reversed Judge Cutsumpas' ruling and remanded the case to the trial court with direction to grant the defendant's motion to vacate Judge Resha's order modifying the property distribution. Id., 601.

The majority now concludes that the trial court's lack of jurisdiction to modify a division of property pursuant to General Statutes § 46b-81 (a),[2] years after the judgment of dissolution became final, is not " 'entirely obvious,' " despite the unequivocal provision of § 46b-86 (a) barring postdissolution modifications of property distribution orders. This is because, according to the majority, it is not entirely obvious that § 46b-86 (a) implicates the trial court's subject matter jurisdiction, rather than its statutory authority. Accordingly, the majority concludes that Judge Cutsumpas properly denied the defendant's motion to vacate Judge Resha's decision adopting the stipulated agreement between the parties that modified the original property division as a final order of the court. For the following reasons, I disagree.

At the outset, it is important to note that, without acknowledging that it is doing so, the majority has reframed the issue that the plaintiff has raised on appeal to this court. Specifically, the plaintiff has made no claim that § 46b-86 merely implicates the court's statutory authority. Rather, both parties agree that "§ 46b-86 (a) deprives the Superior Court of continuing *jurisdiction* over that portion of a dissolution judgment providing for the assignment of property of one party to the other party under . . . § 46b-81." (Emphasis added; footnote omitted; internal quotation marks omitted.)

*Forgione* v. *Forgione*, 162 Conn. App. 1, 6–7, 129 A.3d 766 (2015), cert. denied, 320 Conn. 920, 132 A.3d 1094 (2016); *Stechel* v. *Foster*, 125 Conn. App. 441, 446, 8 A.3d 545 (2010) (same), cert. denied, 300 Conn. 904, 12 A.3d 572 (2011); see also *Bender* v. *Bender*, 258 Conn. 733, 761–62, 785 A.2d 197 (2001) (§ 46b-86 "confers authority on the trial courts to retain continuing jurisdiction over orders of periodic alimony, but not over lump sum alimony or property distributions pursuant to § 46b-81" [internal quotation marks omitted]). The point of disagreement between the parties is whether the doctrine of finality of judgments, as set forth in *Urban Redevelopment Commission* v. *Katsetos*, 86 Conn. App. 236, 242, 860 A.2d 1233 (2004), cert. denied, 272 Conn. 919, 866 A.2d 1289 (2005), barred the defendant's collateral attack on Judge Resha's order modifying the property distribution *notwithstanding the fact that the trial court lacked subject matter jurisdiction.* See id. (when party mounts collateral attack on judgment on ground that court lacked subject matter jurisdiction and lack of jurisdiction was not entirely obvious, court reviewing judgment should consider "whether the parties consented to the jurisdiction originally, the age of the original judgment, whether the parties had an opportunity originally to contest jurisdiction, the prevention of a miscarriage of justice, whether the subject matter is so far beyond the jurisdiction of the court as to constitute an abuse of authority, and the desirability of the finality of judgments" [internal quotation marks omitted]).

As the Appellate Court has observed, "there are conflicting decisions of this court regarding whether the modification of a property distribution postdissolution implicates the court's subject matter jurisdiction or merely its statutory authority. Compare *McLoughlin* v. *McLoughlin*, 157 Conn. App. 568, 575–76 n.5, 118 A.3d 64 (2015) ('we note that the distribution of personal property postdissolution does not implicate the court's subject matter jurisdiction but, rather, its statutory authority'), and *Roos* v. *Roos*, 84 Conn. App. 415, 421–22, 853 A.2d 642 (noting that distribution of personal property postdissolution is question of statutory authority, not subject matter jurisdiction), cert. denied, 211 Conn. 936, 861 A.2d 510 (2004), with *Forgione* v. *Forgione*, [supra, 162 Conn. App. 6–7] (stating that court lacked subject matter jurisdiction to modify property distribution postdissolution), and *Sousa* v. *Sousa*, [supra, 157 Conn. App. 596] ('by subsequently [postdissolution] modifying the order dividing the plaintiff's pension benefits equally between the parties, the court acted outside of its jurisdictional authority') . . . ." *Lawrence* v. *Cords*, 165 Conn. App. 473, 483 n.8, 139 A.3d 778, cert. denied, 322 Conn. 907,    A.3d    (2016). In the present case, however, the plaintiff has not cited either of the Appellate Court decisions holding that § 46b-86 (a) does not implicate the trial court's subject matter

jurisdiction. Although the plaintiff does state in a conclusory manner that "[e]xpanding the concept of subject matter jurisdiction to include every statutory limitation on a court's authority to act would be to undermine significantly the doctrine of res judicata, and to eliminate the certainty and finality in the law and in litigation which the doctrine is designed to protect"; (internal quotation marks omitted) quoting *Vogel* v. *Vogel*, 178 Conn. 358, 363, 422 A.2d 271 (1979); it is clear that the plaintiff's arguments are premised on the belief that § 46b-86 (a) deprives the court of subject matter jurisdiction. If the plaintiff believed that § 46b-86 (a) merely limited the trial court's statutory authority, there would have been no need for him to rely on the *Katsetos* factors for determining whether a judgment is subject to collateral attack, because, in the absence of fraud in obtaining the judgment, a claim that the trial court lacked jurisdiction is the minimal prerequisite for such an attack. Indeed, the plaintiff expressly stated in his reply brief to this court that "[t]he proper question before the Appellate Court [and, by extension, this court] was *not* whether every statutory limitation on a court's authority to act denies that court subject matter jurisdiction." (Emphasis added.) Accordingly, I believe that this court should limit itself to answering the question that the plaintiff raised instead of basing its decision on an issue that the plaintiff did not raise, namely, whether § 46b-86 (a) limits the trial court's subject matter jurisdiction or, instead, its statutory authority. At the very least, the majority should have afforded the parties an opportunity to brief that issue. *Blumberg Associates Worldwide, Inc.* v. *Brown & Brown of Connecticut, Inc.*, 311 Conn. 123, 161–62, 84 A.3d 840 (2014) (court may raise unpreserved issue sua sponte only if "the court provides an opportunity for the parties to be heard by way of supplemental briefing").

Addressing the question raised by the plaintiff—whether the doctrine of the finality of judgments barred the defendant's collateral attack on Judge Resha's order notwithstanding the fact that the court lacked subject matter jurisdiction—I would conclude that the court's lack of jurisdiction to modify the original property distribution six years after the marital dissolution judgment was final was entirely obvious under § 46b-86 (a), which unambiguously provides that the grant of jurisdiction to modify a final order in a dissolution proceeding after the dissolution judgment is final "shall not apply to assignments under section 46b-81 . . . ." General Statutes (Supp. 2016) § 46b-86 (a). I do not see how the legislature could have made it any clearer that its intent was to deprive the trial courts of jurisdiction to modify property assignments after a judgment of marital dissolution is final. Where the trial court's lack of subject matter jurisdiction is entirely obvious, the court's judgment is subject to collateral attack on that ground alone, notwithstanding the doctrine disfavoring

collateral attacks on final judgments as set forth in *Katsetos*. See *Broaca* v. *Broaca*, 181 Conn. 463, 468 n.4, 435 A.2d 1016 (1980) (finality doctrine "would permit collateral attack of the judgment here because the court's action was plainly beyond its jurisdiction and the subject matter jurisdiction of the court was never litigated in the original action"); see also *In re Shamika F.*, 256 Conn. 383, 408, 773 A.2d 347 (2001) (factors for determining viability of collateral attack on judgment on ground that trial court lacked subject matter jurisdiction come into play only "where the lack of jurisdiction is not entirely obvious" [internal quotation marks omitted]); *Vogel* v. *Vogel*, supra, 178 Conn. 362 (same); *Morris* v. *Irwin*, 4 Conn. App. 431, 433–34, 494 A.2d 626 (1985) (same). Accordingly, I would conclude that Judge Cutsumpas improperly denied the defendant's motion to vacate Judge Resha's order modifying the original property distribution, and I would affirm the judgment of the Appellate Court reversing the judgment of Judge Cutsumpas and remanding the case to the trial court with direction to grant the motion to vacate. I therefore respectfully dissent.

[1] General Statutes (Supp. 2016) § 46b-86 (a) provides in relevant part: "Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support, an order for alimony or support pendente lite or an order requiring either party to maintain life insurance for the other party or a minor child of the parties may, at any time thereafter, be continued, set aside, altered or modified by the court . . . . This section shall not apply to assignments under section 46b-81 or to any assignment of the estate or a portion thereof of one party to the other party under prior law. . . ."

Although § 46b-86 has been amended by the legislature several times since the events underlying the present case; see, e.g., Public Acts 2015, No. 15-68, § 43; those amendments have no bearing on the merits of this appeal. In the interest of simplicity, all references herein are to the 2016 supplement of the statute.

[2] General Statutes § 46b-81 (a) provides in relevant part: "At the time of entering a decree annulling or dissolving a marriage or for legal separation pursuant to a complaint under section 46b-45, the Superior Court may assign to either spouse all or any part of the estate of the other spouse. . . ."